Clifford L. Herbst, Appellant, v. Roy C. Paul, Appellee.

Gen. No. 10,381.

 Opinion filed January 10, 1950.
Rehearing denied February 7, 1950. Released for publication February
9, 1950.

JOSEPH R. ROSBOROUGH, of Moline, for appellant.

EDWARD C. SCHOEDE, of Rock Island, for appellee.

MR. PRESIDING JUSTICE WOLFE delivered the opinion of the court.

Clifford L. Herbst brought a suit before a justice of the peace in Moline township in Rock Island county, Illinois, to recover damage to his automobile, which he claimed was caused by the defendant, Roy C. Paul. The case went to trial and the plaintiff introduced his evidence, then the defendant started to testify. During the defendant's testimony it was discovered that neither the plaintiff, nor the defendant lived in Moline township, and the defendant entered a motion to dismiss the suit for lack of venue of the justice of the peace court in Moline township. The justice sustained the motion and dismissed the suit. Herbst perfected an appeal to the circuit court, and on a hearing before that court, a motion to dismiss the suit was sustained, and this appeal follows. It is argued by both the plaintiff and the defendant that the circuit court dismissed the appeal because the question was raised as to the venue of the justice of the peace. It is conceded, that in the circuit court there was a trial *de novo*. The appellee insists that any action taken before the justice of the peace is not before the circuit court. The appellant insists that the motion to dismiss the suit before the justice, was not raised in apt time, and that question was before the circuit court. The transcript of the justice shows that the suit was dismissed because the suit was brought in the wrong township. This transcript is the only thing in the record to show why the suit was dismissed before the justice, but there

302

is nothing in the record to show why the suit was dismissed in the circuit court.

The order of court dismissing the suit is as follows: "On this 3rd day of May, A. D. 1949, comes the plaintiff by Joseph R. Rosborough, his attorney, also comes the defendant by Edward C. Schoede, Jr., his attorney, and files herein his special appearance and motion to dismiss appeal filed herein, and this cause now comes on to be heard on said motion, and the Court having heard the arguments of counsel and being fully advised in the premises, allows said motion and is ordered by the Court that appeal be, and the same is hereby dismissed." From this order it is apparent that the defendant filed some kind of a motion to dismiss the appeal, but on what grounds, does not appear from the record in this case. To say that the court dismissed the appeal because the justice of the peace suit was brought in the wrong township is purely conjectural.

■■ It will be observed that the appellant in his praecipe for the trial court record did not request the clerk to insert the motion to dismiss. It will also be observed that the certificate of the circuit clerk does not state that this is a complete record, but only the copies of the things requested in the plaintiff's praecipe for the record. Under Rule 36 of the Supreme Court it is the duty of the appellant to present a full and complete record of the things he relies upon to show that the trial court erred. He has failed to do so in this appeal. As this record now stands there is nothing for this court to pass upon, and we will have to presume that the trial court properly dismissed the appeal. The order appealed from is hereby affirmed.

*Affirmed.*