Quincy Flemming, Plaintiff-Appellee, v. Theodore Burks, et al., Defendants Below.
On Appeal of Eudora Hinton, Defendant-Appellant.

Gen. No. M–50,401.

First District, Fourth Division.

October 8, 1965.

Wexman Mandel & Kipnis, of Chicago, for appellant.

Gillin, Owens & Willens, of Chicago, for appellee.

MR. JUSTICE DRUCKER delivered the opinion of the court.

Eudora Hinton alone appeals from a judgment after a bench trial against Theodore Burks (who was defaulted for failure to appear), Eudora Hinton and Clarence Hinton awarding plaintiff compensation for damage to his parked automobile. Defendant Eudora Hinton contends that the plaintiff failed to meet his burden of proof and that she, in fact, established that the damage was caused by the negligence of Burks.

The report of proceedings presented to this court is a nonverbatim reconstruction of the testimony. According to it the testimony was as follows: Defendant testified that while driving her automobile through the intersection of 60th and Sangamon in Chicago, Illinois, she was struck in the right rear fender by a car driven by Theodore Burks; that she consequently lost control of the car, reached over to protect her three-year-old daughter who was riding in the front seat and collided with plaintiff's parked automobile. Plaintiff testified that he did not see the accident but heard a crash, went outside and found the Hinton automobile resting against his; and that he saw no damage to the right rear fender of defendant Hinton's automobile.

The judgment entered by the court was as follows:

THE COURT FINDS THE DEFENDANTS, THEODORE BURKS, EUDORA HINTON AND

CLARENCE HINTON, GUILTY IN MANNER AND FORM AS CHARGED IN PLAINTIFF'S STATEMENT OF CLAIM AND ASSESSES PLAINTIFF'S DAMAGES AT THE SUM OF ONE HUNDRED EIGHTY THREE AND 90/100 DOLLARS ($183.90) AND COSTS IN TORT. THE COURT FURTHER FINDS THAT THE DAMAGES TO THE PLAINTIFF RESULTED FROM THE OPERATION BY THE DEFENDANT OF A MOTOR VEHICLE UPON A HIGHWAY ON APRIL 2ND, 1962.

The report of proceedings was certified by a judge other than the trial judge, as follows: "Undersigned did not hear [the] case but counsel for both parties compared notes and the above report is the result of discussion between them Plf objects." We must accept the record as being correct since plaintiff did not file a motion pursuant to Supreme Court Rule 36(4).*

 Defendant in her brief states that "no finding against the third Defendant [referring to her husband, Clarence Hinton, who is not a party to this appeal] was made"; yet we note that the record contains the afore quoted judgment against all three defendants. In addition the court, after entering judgment, set forth its finding that "the damages to the plaintiff resulted from the operation by the defendant

---

* (4) Insufficient Authentication of Record on appeal.

A claim that any matter in the trial court record incorporated in the record on appeal is not properly authenticated may be raised only by motion filed by the appellant or appellee before or at the time of filing his brief. The motion shall be supported by affidavit showing, not only that the matter complained of is not properly authenticated, but that it is in fact incorrect, and that injury will result to the objecting party because of its inclusion. Unless a motion is made in the manner required by this rule, the record shall be deemed to be correct.

of a motor vehicle . . ." but failed to state which defendant. Furthermore, the judgment rendered against defendant Burks was not a default judgment but rather a judgment on the merits. To render such a judgment the court must have believed the testimony (as presented to us) of Eudora Hinton or else other testimony as to Burks' negligence was introduced. If the latter, none appears in the record; if the former, then we cannot understand on what basis a judgment against Eudora Hinton could have been entered. We cannot ascertain from the record the basis of the judgment appealed from and therefore cannot determine whether the trial court was in error. Where the record is confused and incomplete the court of review will of its own motion dismiss the proceedings. People v. Sherwin, 361 Ill 403, 198 NE 343. Because of the insufficiency of the record herein it is necessary to dismiss the appeal. This decision is without prejudice to a petition for leave to appeal on a proper record.

Appeal dismissed.

McCORMICK, P. J. and ENGLISH, J., concur.