W. M. Libman, Assignee of Barry Chevrolet Sales, Inc., Plaintiff-Appellee, v. Harvey Gipson, Defendant-Appellant.

Gen. No. 67–73.

Third District.

March 7, 1968.

Rehearing denied April 9, 1968.

Clarence W. Shoemaker, of Aledo, for appellant.

William B. Schroeder, Jr., of Rock Island, for appellee.

CULBERTSON, J.

This was a small claims action in the Circuit Court of Mercer County wherein the plaintiff, W. M. Libman, as assignee of Barry Chevrolet Sales, Inc., was awarded a judgment of $180.57 against the defendant, Harvey Gipson. The latter has appealed contending that the trial court erred in failing to follow and apply certain provisions of "An Act in relation to retail installment sales," (Ill Rev Stats 1965, c 121½, pars 223 through 253), having to do with the reclamation and resale of personal property sold at retail on installment contract.

To support his appeal defendant has presented a record consisting solely of the pleadings; orders of the court; a memorandum opinion by the magistrate who heard the evidence; a conditional sales contract note and a letter which had apparently been received into evidence; the notice of appeal; and the praecipe for record. So far as pertinent here, the complaint was based on a note given by defendant in return for an automobile part and service and, although the statute was not expressly pleaded, it may be agreed that defendant's answer advanced a defense that the part had been installed in an automobile, (itself being purchased under an installment contract), which had later been reclaimed and resold for an amount in excess of that owed by defendant to plain-

tiff's assignor. In our view, however, even if it is conceded that defendant's theory is legally sound, the record filed is not sufficient to allow us to determine the issue sought to be raised.

■ ■ Despite the broad and liberal provisions of Rule 323 of the Illinois Supreme Court Rules (Ill Rev Stats 1967, c 110A, par 323), subparagraphs (c) and (d) in particular, defendant has included no report of proceedings or excerpts from the record in the appeal record, leaving us powerless to ascertain if the allegations of his answer were supported by competent proof. Similarly, nothing contained in the opinion of the magistrate or the exhibits included in the record, suggests or permits us to infer that defendant's theory of reclamation and resale was proved. The burden is on the party who brings a cause to a reviewing court to present a record which fairly and fully presents all matters necessary and material for a decision of the questions raised (Herbst v. Paul, 339 Ill App 301, 89 NE2d 843; Vick v. Illinois Banker's Life Ass'n of Monmouth, 276 Ill App 432) and, in the present case, without a record showing reclamation and resale at a figure in excess of defendant's indebtedness, defendant's contentions here cannot be decided.

■ Where a party fails to present a proper record a court of review will, of its own motion, dismiss the appeal (Flemming v. Burks, 63 Ill App2d 300, 211 NE2d 546; People ex rel. McDonough v. Sherwin, 361 Ill 403, 198 NE 343), and in our opinion such a course of action is dictated in this case.

Appeal dismissed.

ALLOY, P. J. and STOUDER, J., concur.