Estate of Angela Medina, Deceased.
Ysmael A. Medina, Petitioner-Appellant, v. Bernice Medina Kramer, Respondent-Appellee.

Gen. No. 52,449.

First District, Second Division.

May 21, 1968.

Maurice M. Loman, of Chicago, for appellant.

Eugene P. Meegan, of Chicago, for appellee.

MR. PRESIDING JUSTICE BURKE delivered the opinion of the court.

On March 8, 1967, Bernice Medina Kramer filed a petition representing that on January 18, 1967, Angela Medina died; that her estate consisted of a cause of action for wrongful death and that she left as heirs, her mother, who is the petitioner, Ysmael A. Medina, her father and Debra Medina, her 2½-year-old sister. The petitioner asked that letters of administration issue to her. On April 12, 1967, Ysmael A. Medina, the father of the decedent, filed a petition asking that he be appointed as the administrator of the estate of Angela Medina. On April 12, 1967, after a hearing the court ordered that letters of administration issue to Bernice Medina Kramer, the mother. The father, Ysmael A. Medina, appeals.

Supreme Court Rule 323 (c) provides that if no verbatim transcript of the evidence or proceedings is obtainable the appellant may prepare a proposed report of proceedings from the best available sources, including recollection, and that the court, holding hearings if necessary, shall promptly settle, certify and order filed an accurate report of proceedings. The report of proceedings, based on recollection, shows that the lawyers of the respective parties and Ysmael A. Medina, the father of decedent, were present.

The attorney for the mother stated that she had filed an action for the wrongful death of Angela and for personal injuries to Debra Medina, a minor, against Schriber Trucking Co., and John Hren, Jr.; that one of the allegations in the suit is that plaintiff was not guilty of contributory negligence; that Angela Medina and Debra Medina were passengers in the car driven by their father, Ysmael A. Medina; that "I am informed that it is his [Ysmael A. Medina] alleged failure to stop at a through street that resulted in the said accident in which his four-year-old child was killed; that if this charge is true, he would be guilty of wilful and wanton conduct; that it might be necessary to sue him and make him a party-defendant; that it would be very foolish to jeopardize the case to have the said Ysmael A. Medina act as Administrator of the estate of Angela Medina to sue himself individually."

The lawyer for the father of the decedent denied that his client "failed to stop at a stop sign as a direct cause of the accident." The parties stipulated that the father and mother are divorced and that the decree, following the agreement of the parties, gave custody of the children to the mother, with visitation rights to the father. The court said that it was unnecessary for the attorney for the father to read the contents of an opinion which would clarify the situation as she was familiar with the citation. In denying the petition for the appointment of the father and granting the petition for the appointment of the mother, the court said that "it is to the best interest of the estate to appoint the mother as administrator."

■■ The father states that the court appointed the mother as administrator without a full hearing or trial. The burden is on the appellant to bring to this court a record which will establish reversible error. The report of proceedings is certified as constituting all that transpired before the court. There was no dispute as to the

facts. Section 97 of the Probate Act (c 3, § 97, Ill Rev Stats 1967) vests the court with the authority to make the appointment when two equally entitled are claiming. The record does not show that the court erred in making the appointment of the mother. Therefore the order is affirmed.

Order affirmed.

McNAMARA and LYONS, JJ., concur.