Union Oil Company of California *et al.*, Plaintiff-Appellant, *v.* William Lang, Individually, and d/b/a Bill Lang Trucking, Defendant,—(South Side Ford Truck Sales, Inc., Garnishee-Defendant-Appellee.)

(No. 54361;

First District—April 8, 1971.

Teller, Levit & Silvertrust, of Chicago, (R. J. Ladon, of counsel,) for appellant.

Mayer, Friedlich, Spiess, Tierney, Brown & Platt, of Chicago, (George W. Hamman, of counsel,) for appellee.

Mr. JUSTICE GEORGE J. MORAN delivered the opinion of the court:

Plaintiff garnishor, Union Oil Company of California, appeals from an order of the Circuit Court of Cook County vacating the final and conditional judgments entered against defendant garnishee-employer, South Side Ford Truck Sales, Inc., in the amount of $2,782.65, allowing the petition of South Side Ford to stand as an answer and entering judgment on the answer of South Side Ford in the amount of $433.36 plus costs and attorney fees of $125.00.

On June 27, 1967 appellant recovered a judgment against the principal defendant William Lang, d/b/a Bill Lang Trucking, an employee of appellee, in the amount of $3,338.42 of which $2,695.35 remained unpaid. On June 27, 1968 appellant filed a garnishment and wage deduction proceeding against appellee returnable August 7, 1968. The wage deductions summons was served on appellee on July 1, 1968. Appellee failed to appear and a conditional judgment was entered against it in the amount of $2,695.35. Summons to confirm the conditional judgment returnable

October 30, 1968 was issued on October 16 and served on October 17, 1968. Again appellee failed to appear or answer and on October 30, 1968 an order was entered making the conditional judgment final as of August 7, 1968. Appellant notified appellee of the existence of the final judgment by certified mail on December 3, 1968 in which attorney for appellant stated:

"You, of course, are undoubtedly aware that garnishment proceedings were instituted against your company concerning an employee by the name of William Lang. Despite the fact that you were served with various summons and notices, no answer was filed on his behalf and judgment has been entered against your company for the amount of the garnishment. We are enclosing a photocopy of the execution showing the judgment now existing against South Side Ford Truck Sales, Inc.

We will be obliged to proceed with the enforcement of this judgment unless Mr. Lang works out a satisfactory arrangement to take care of this matter.

We are, however, putting you on notice at this time that we consider this to be a valid subsisting judgment. Furthermore, we are advising you that we intend to place this judgment within one week from today unless affirmative action is taken by you to either vacate this judgment, or have Mr. Lang liquidate his debt."

Appellee took no steps to vacate the judgment and on February 21, 1969 appellant filed a garnishment against Continental Illinois Bank and Trust Company returnable March 26, 1969 in an attempt to recover monies standing to the account of appellee. Attorneys for appellee also represented Continental Bank. The bank obtained continuances until May 8, 1969. On that date appellee filed a petition to stay the garnishment proceedings and a petition to vacate the garnishment judgment made final on October 30, 1968. In its brief, unverified petition appellee alleged:

"NOW COMES, South Side Ford Truck Sales, Inc., by its attorneys, Mayer, Friedlich, Spiess, Tierney, Brown & Platt, and states that on August 7, 1968 judgment was entered against South Side Ford Truck Sales, Inc. in the Municipal Department, First District, of the Circuit Court of Cook County, Illinois.

1. South Side Ford did not receive proper notice of such finalizing of judgment and South Side has a valid defense against the plaintiff in that it owes $433.36 as the amount of wages which South Side should have deducted rather than $2,782.65, the amount of the judgment sought to be vacated. South Side stands ready to pay $433.36.

2. The wage deduction summons served by Pure Oil Company,

plaintiff herein, was due on the date on which the plaintiff finalized the judgment. See wage deduction summons attached hereto as Exhibit A and made a part hereof.

WHEREFORE, defendant respectfully moves this Honorable Court to set aside the judgment of August 7, 1968 and to order the employer, South Side Ford, to file an answer to plaintiff's wage deduction summons within five (5) days of said order."

There were no affidavits in support of this motion. Appellant filed a verified motion in opposition to this petition recounting the pleadings and issuances of summons to date and alleging that appellee had failed to respond, that attorney for appellant had given informal notice of the entry of final judgment and requesting that some action be taken, that subsequently the only action taken by appellee was the receipt of a phone call sometime in February, 1968, from one Mr. Wayne Whalen represented to be the attorney for appellee, that nothing further being done, the garnishment proceedings were instituted against Continental Illinois National Bank and Trust Company and further alleging that defendant's petition failed to allege any diligence or grounds upon which to vacate the judgment against appellee.

After a hearing on May 27, 1969 for the apparent purpose of determining the amount of attorneys fees to be awarded, the court ordered the garnishment judgments against appellee vacated and allowed its petition to stand as an answer and further ordered that judgment be entered upon the answer in favor of appellant in the amount of $433.36 plus costs and attorneys fees in the amount of $125.00. At the close of the hearing, upon the request of attorney for appellant, the court stated for the record that the basis of its order was "that the delay of South Side Ford Truck Sales, Inc., in prosecuting the garnishment pleadings was due to a misunderstanding regarding possible settlement of the claim of Union Oil Company of California against William Lang, individual, and William Lang Trucking, the judgment debtor, and that its decision to vacate the judgments against the garnishee-defendant has been predicated on that."

■■ Since appellee filed its motion to vacate more than thirty days after entry of final judgment, that motion must be considered to have been made pursuant to Section 72 of the Civil Practice Act. (Ill. Rev. Stat. 1969, ch. 110, par. 72). (*Grizzard v. Matthew Chevrolet*, 39 Ill.App. 2d 9.) Appellant contends that appellee's petition is insufficient to support the trial court's order under Section 72 in that there is an inadequate allegation of due diligence and the petition is unsupported by affidavit or other appropriate showing as to matters not of record.

■■ The report of proceedings contained in the record does not contain evidence which would support the order of the trial court, but the certi-

ficate of the trial judge does not state this was all the evidence which was heard and under these circumstances we must presume that the trial judge heard sufficient evidence to support its order and the sufficiency of that evidence will not be considered. (*Smith v. Bappas,* 122 Ill.App.2d 129; *National Builders Bank v. Simons,* 304 Ill.App. 471.) Thus, the only question which we consider is the sufficiency of appellee's petition. *Fennema v. Vander,* 42 Ill.2d 309.

■■■ A petition to vacate under Section 72 of the Civil Practice Act is the filing of a new action and it is necessary as in any civil case that the petitioner allege and prove a right to the relief sought. Where the petition fails to state a cause of action or shows on its face that the petitioner is not entitled to the relief sought, it is subject to a motion to dismiss. (*Brockmeyer v. Duncan,* 18 Ill.2d 502.) The petition to set aside a default judgment must adequately set forth sufficient facts to show first a meritorious defense and second, due diligence on the part of the defaulted party. (*Burkitt v. Downey,* 102 Ill.App.2d 373.) A litigant may not avail himself of this remedy unless he shows that through no fault or negligence of his own, the error of fact or the existence of a valid defense was not made to appear to the trial court. Such a petition is not intended to relieve a party from the consequences of his own mistake or negligence.

■■■ With respect to due diligence, appellee's petition alleges only that "South Side Ford did not receive proper notice of such finalizing of judgment," and "the wage deduction summons served by Pure Oil Company, plaintiff herein, was due on the day on which the plaintiff finalized the judgment." The first allegation is merely a conclusion in that it does not state in what manner the notice was improper and the record shows that proper summons were issued and served by the Cook County Sheriff. Furthermore, the fact that final judgment was entered on the return day of the final garnishment summons is consistent with Ill. Rev. Stat. 1969, ch. 62, par. 76(a).[1] Ultimate facts showing due diligence in a meritorious defense must be shown. *Mutual National Bank*

---

[1] Failure of employer to appear; effect; notice on non-resident employer.)

Par. 6. (a)When any employer fails to appear and answer as required by this Act, the court may enter a conditional judgment against the employer for the amount due upon the judgment against the judgment debtor. A summons to confirm the conditional judgment may issue against the employer returnable not less than 10 nor more than 20 days after the date of issuance, commanding the employer to show cause why the judgment should not be made final. If the employer, after being served with summons to confirm the conditional judgment or after being notified as provided in subsection (b) hereof, fails to appear and answer, the court shall confirm such judgment to the amount of the judgment against the judgment debtor and award costs. If the employer shall appear and answer, the same proceedings may be had as in other cases.

*of Chicago v. Kedzierski*, 92 Ill.App.2d 456, and in the absence of a petition showing that appellee was entitled to relief, the petition should have been dismissed. *Fennema v. Vander, supra; Colletti v. Schrieffers Motor Service, Inc.*, 38 Ill.App.2d 128.

Accordingly, the judgment of the Circuit Court of Cook County is reversed, and this case is remanded to that court for proceedings not inconsistent with this opinion.

Reversed and remanded.

EBERSPACHER and JONES, JJ., concur.