MITCHELL MABORN, Plaintiff-Appellant, *v.* FRED MOYERS, Clerk of the Circuit Court of Pulaski County, *et al.*, Defendants-Appellees.

(No. 74-218; ▮▮▮▮▮▮)

Fifth District—March 14, 1975.

Dennis J. Hogan, of Cairo, for appellant.

Byron L. Connell, State's Attorney, of Mound City, for appellees Fred Moyers and Ray Calvin.

William J. Scott, Attorney General, of Chicago (Jerrald B. Abrams, Assistant Attorney General, of counsel), for appellee Judge George Oros.

Mr. JUSTICE EBERSPACHER delivered the opinion of the court:

The plaintiff, Mitchell Maborn, filed a complaint in the circuit court of Pulaski County requesting declaratory relief and damages against the defendants, certain judicial and law enforcement officers in Pulaski County. He appeals from orders dismissing his complaint.

Insofar as we can determine from the record this plaintiff had been charged with the offense of theft, 73-CM-221, was taken into custody on November 9, 1973, and was held in custody by reason of his failure to post bond until November 15, 1973, at which time he made bond. The foundation for plaintiff's complaint in the instant case was the alleged failure of said defendants to issue a signed *mittimus* authorizing his, plaintiff's, confinement as a defendant to the charge of theft. Plaintiff has alleged in his complaint "[t]hat as a matter of law and fact the bond amount on the face of the warrant process was no longer controlling upon appearance of Plaintiff" and that as a result of his incarceration under such warrant he was entitled to damages and declaratory relief. The defendants each filed motions to strike plaintiff's complaint and dismiss the cause with prejudice. The trial court granted defendants' motions and entered orders dismissing plaintiff's complaint on the ground that it was "substantially insufficient at law." This appeal followed.

To support this appeal plaintiff has furnished a record consisting solely of the pleadings, the record sheets (the court minutes) in 74-LM-3 (the instant action), the record sheets in 73-CM-221 (the case in which the defendant contends that he was imprisoned without authorization), the summonses in 74-LM-3, the notice of appeal in 73-CM-221, a motion for leave to file a petition for writ or writs in aid of appellant jurisdiction in 73-CM-221 (filed in this court and which was denied by this court), the orders of the trial court in 74-LM-3, the notice of appeal in 74-LM-3, and the praecipe for record in 74-LM-3. In our view, even if we assume *ad arguendo* that plaintiff's theory is legally sound, the record filed is not sufficient to allow us to determine the issue sought to be raised.

In particular, the plaintiff has not included within the record before

this court a copy of the warrant issued in 73-CM-221. This warrant is crucial to our review of plaintiff's cause of action since his complaint alleged "malicious abuse of the Court's warrant" and that the bond amount "on the face of the warrant process was no longer controlling upon appearance of Plaintiff." Absent an examination of this warrant we are unable to determine whether the bond allegedly contained thereon was endorsed or otherwise sufficient to authorize plaintiff's imprisonment in 73-CM-221. Our difficulty is further compounded by the fact that the record sheet in 73-CM-221 concludes with the following entry for November 9, 1973, "Mittimus for failure to give Bond." In his brief plaintiff contends no *mittimus* was issued; this contention is not answered by appellees. Finally, nothing contained in the record or argued in plaintiff's brief explains, much less corrects, the deficiency of the warrant not being included in the record.

The burden is on the party who brings a cause to a reviewing court to present a record which fairly and fully presents all matters necessary and material for a decision of the questions raised. (*Interstate Printing Co. v. Callahan*, 18 Ill.App.3d 930, 310 N.E.2d 786; *Perez v. Janota*, 107 Ill.App.2d 90, 246 N.E.2d 42; *Libman v. Gipson*, 93 Ill.App.2d 62, 235 N.E.2d 670.) In other words, a party prosecuting an appeal must furnish a record sufficient to establish reversible error. See *In re Estate of Medina*, 95 Ill.App.2d 483, 238 N.E.2d 185.

The consequences of plaintiff's failure to present an adequate record for review were set forth in *Libman v. Gipson*, 93 Ill.App.2d 62, 64, 235 N.E.2d 670, 671, wherein the court stated:

> "Where a party fails to present a proper record a court of review will, of its own motion, dismiss the appeal. (*Flemming v. Burks*, 63 Ill.App.2d 300, 211 N.E.2d 546; *People ex rel. McDonough v. Sherwin*, 361 Ill. 403, 198 N.E. 343), and in our opinion such a course of action is dictated in this case."

We believe a similar course of action is dictated in the instant case.

Appeal dismissed.

G. MORAN and CARTER, JJ., concur.