GEORGE WRIGHT, Plaintiff-Appellant, *v.* WILLIAM N. THOMPSON *et al.*, Defendants-Appellees.

First District (4th Division)    No. 62116

Opinion filed June 16, 1977.

Alan Kawitt, of Chicago, for appellant.

Arent J. Jacobson, of Chicago, and Francis W. Gulbranson, of Prairie View, for appellees.

Mr. JUSTICE JOHNSON delivered the opinion of the court:

On April 4, 1974, in the Circuit Court of Cook County, Municipal Department, an order was entered vacating a default judgment entered against the defendants pursuant to their section 72 motion (Ill. Rev. Stat. 1973, ch. 110, par. 72). Subsequently, a jury trial was held and a final judgment was entered on the merits in defendants' favor. Plaintiff appeals the earlier order vacating the default judgment.

The plaintiff, George Wright, filed suit on January 25, 1972, seeking compensation for personal injuries sustained by him as a result of the alleged negligent conduct of the defendants. The defendants filed their answer and jury demand on March 3, 1972. On December 21, 1973, after hearing the evidence and arguments of plaintiff's counsel, the trial court,

sitting without a jury, entered a default judgment against the defendants. The defendants were absent from court and not represented by counsel when the judgment was entered.

The defendants petitioned to vacate the default judgment on March 15, 1974. Plaintiff answered on March 18, 1974, and charged that the petition failed to comply with the requirements of section 72 of the Civil Practice Act (Ill. Rev. Stat. 1973, ch. 110, par. 72). The plaintiff also contended that service of the petition had been improper and not in compliance with Supreme Court Rules 105 and 106 (Ill. Rev. Stat. 1973, ch. 110A, pars. 105, 106). On April 4, 1974, an order was entered vacating the default judgment and the case was returned to the jury calendar. On April 22, 1975, judgment was entered on the jury verdict returned in favor of the defendants. Plaintiff's post-trial motion was denied on May 20, 1975. On May 27, 1975, plaintiff filed his notice of appeal.

The issues presented for review are (1) whether the appellate court has jurisdiction to review the propriety of the order from which plaintiff appeals, and (2) whether the trial court abused its discretion in vacating the default judgment entered against the defendants.

The plaintiff argues on appeal that the trial court erred in vacating the default judgment because defendants' petition under section 72 (Ill. Rev. Stat. 1973, ch. 110, par. 72), was not in compliance with the requirements of that section. Plaintiff also contends that although the April 4, 1974, order may have been appealable (Ill. Rev. Stat. 1973, ch. 110, par. 72(6)), it was not necessarily final and appealable.

The defendants argue that the appellate court is without jurisdiction to hear plaintiff's appeal from the April 4, 1974, order because plaintiff failed to prosecute his appeal within the time required by statute. They contend that the order was final and appealable (Ill. Rev. Stat. 1973, ch. 110A, par. 304(b)(3)), and that plaintiff should have filed his notice of appeal within 30 days from the date of entry of the order appealed from (Ill. Rev. Stat. 1973, ch. 110A, pars. 303(a), 307(a)). Defendants also contend that to grant an order vacating a default judgment is within the discretion of the court entering that order and where, as here, there is no showing that the trial court abused its discretion, the propriety of such an order must be sustained by a reviewing court.

We find that this court is without jurisdiction to consider the propriety of the order appealed from and dismiss the appeal. Therefore, we will not discuss the second issue raised by the plaintiff.

■■ ■ Defendants' petition to set aside the default judgment is properly construed as having been filed under section 72 (Ill. Rev. Stat. 1973, ch. 110, par. 72), since their petition was filed more than 30 days after the entry of judgment. (*Goldstick v. Saporito* (1974), 22 Ill. App. 3d 621, 623, 317 N.E.2d 774, 776; *Trisko v. Vignola Furniture Co.* (1973), 12

Ill. App. 3d 1030, 1033, 299 N.E.2d 421, 424.) The law is well established that an order denying or granting any relief prayed for in a section 72 petition is necessarily final and appealable. (*Goldstick*, at 623; *Trisko*, at 1033.) The time for appeal commences to run following the disposition of any motion to vacate the order granting or denying relief. (*Trisko*, at 1033.) Plaintiff's contention that the order was not final and appealable is without merit.

■■ Plaintiff's notice of appeal, filed on May 27, 1975, did not vest jurisdiction in this court to consider the propriety of the order appealed from. The notice of appeal was filed more than 1 year after the order was entered. Plaintiff should have filed his notice of appeal within 30 days following entry of the order (Ill. Rev. Stat. 1973, ch. 110A, par. 303(a)). Where a timely appeal is not taken from a final order, a reviewing court is without jurisdiction to consider the propriety of that order, or any subsequent order sustaining that order. *Goldstick*, at 623-24; *Johnson v. Coleman*, 47 Ill. App. 3d 671, 365 N.E.2d 102.

For the foregoing reasons, defendants' motion to dismiss the instant appeal is allowed.

Appeal dismissed.

DIERINGER, P. J., and LINN, J., concur.