DRAGICA NENADIC, Plaintiff-Appellant, *v.* GRANT HOSPITAL, Defendant.—(E. G. EICHBAUM, M.D., Defendant-Appellee.)

First District (2nd Division)    No. 78-434

Opinion filed August 14, 1979.—Rehearing denied September 12, 1979.

Vincent C. Lopez, of Chicago, for appellant.

Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago, for appellee.

Mr. PRESIDING JUSTICE STAMOS delivered the opinion of the court:

Plaintiff has appealed from orders of the trial court entered on November 2, December 23, and December 30, 1977. Those orders dismissed plaintiff's medical malpractice cause of action and denied her subsequent motions to vacate that dismissal. In reality, however, plaintiff's appeal culminates her various efforts to reopen the original default order entered on February 8, 1977. This appeal demonstrates the conflict between those policies which on the one hand recognize the need for finality in orders but on the other favor disposition of the litigant's claims on the merits. With respect to those avenues of relief which were timely pursued, plaintiff has not filed a timely notice of appeal from their denial. Other avenues of relief pursued in the trial court were either barred by earlier proceedings or not pursued in a timely manner and, therefore, their denial provides no basis for appeal. Thus, since we are provided with no jurisdictional basis to hear plaintiff's claim, we must dismiss the appeal.

This protracted matter arose from a malpractice suit filed against Grant Hospital and Dr. E. G. Eichbaum on June 18, 1975. The trial court dismissed the complaint with prejudice as to Grant Hospital on October 17, 1975, leaving Dr. Eichbaum as the sole defendant. In late 1976 the court scheduled a pretrial conference and, since interrogatories had been exchanged over a year earlier, ordered that all discovery should be completed prior to the conference. The order specified further that the pretrial would be conducted in accordance with Supreme Court Rules 218 and 219(c), which provide, *inter alia*, for judicial sanctions for noncompliance with discovery orders and for nonattendance at pretrial conferences. (See Ill. Rev. Stat. 1977, ch. 110A, pars. 218, 219(c).)

Plaintiff, her attorney, and defendant's attorney were all directed to appear. The order also warned that "if plaintiff and plaintiff's attorney fail to appear at said time, this cause will be dismissed under the provisions of Supreme Court Rules 218 and 219(c)." After a continuance, the matter was set for February 8, 1977, and, in accordance with the above order, defendant submitted his answers to interrogatories approximately one month before. Plaintiff concedes in her brief that she neglected to attend the deposition and failed to answer interrogatories propounded by defendant. In addition, plaintiff and her attorney did not attend the above mentioned pretrial conference. Accordingly, the trial judge ordered the cause dismissed.

On March 8, 1977, plaintiff filed a notice of motion to vacate the dismissal. It was entered and continued a total of four times. The case was finally set for a hearing on April 20. Uncontradicted affidavits submitted by defendant's attorneys state that neither plaintiff nor plaintiff's attorney attended the proceedings. As a result, once again the plaintiff's cause of action lapsed, and the court dismissed the motion to vacate. Defendant sent plaintiff a notice of the dismissal.

Six months passed. Then on November 1, 1977, the case came to life once more. The trial court entered the following order which is the source of some of the confusion that has resulted in this appeal:

> "This cause having come on to be heard on plaintiff's petition to vacate the order of dismissal entered on February 8, 1977, due notice given and the court fully advised on the premises:
> It is hereby ordered that hearing on plaintiff's petition be and hereby is continued to November 2, 1977 at 9:00 a.m. and this matter set for pre-trial conference at said time before Judge Canel without notice to the parties."

Neither the petition to which this order refers nor any report of the proceeding appears of record. On either November 2 or 3 the court ordered that "plaintiff's petition to vacate the order of dismissal entered on February 8, 1977 be and hereby is dismissed and plaintiff's cause of action is hereby stricken and dismissed for the further reason that plaintiff has not produced the name of any expert witness against the defendant." Once again, no motion or report of proceedings is contained in the record.

The month of December produced an onslaught of petitions and orders:

> December 1, 1977—plaintiff's emergency motion which:
> (1) acknowledges that a verified petition to vacate the order of dismissal was presented on November 1;
> (2) petitions the court to vacate the orders of February 8 and November 2; and

(3) petitions the court for a substitution of attorneys.

December 23, 1977—order denying plaintiff's motions to vacate but allowing substitution of attorneys (Vincent Lopez for Thomas Donnelly).

December 30, 1977—motion for a rehearing on the denial of plaintiff's motion and for leave to file answers and objections to interrogatories.

December 30, 1977—motion for rehearing and leave to file answers denied.

On January 3, 1978, plaintiff filed a notice of appeal from the following orders: (1) the November 2 dismissal of plaintiff's cause of action as to defendant, Dr. Eichbaum, for failure to produce the name of an expert witness; (2) the December 23 denial of plaintiff's motion to vacate the orders of November 2 and February 8; and (3) the December 30 denial of plaintiff's motion for a rehearing and for leave to file answers to interrogatories instanter. Although not appearing of record, all parties agree that plaintiff next filed a motion to this court pursuant to Supreme Court Rule 303(e) (Ill. Rev. Stat. 1977, ch. 110A, par. 303(e)), seeking an extension of time in which to file a notice of appeal from the original February 8 default dismissal and the November 2 denial of plaintiff's petition to vacate the February 8 order. The motion for an extension was denied and, therefore, the issues on appeal are limited to those raised in the first notice of appeal.

### I.

Once a default order is entered, the litigant has three different means of reopening the judgment. The first two methods must be pursued within 30 days of the entry of judgment: an appeal under Supreme Court Rule 303 (Ill. Rev. Stat. 1977, ch. 110A, par. 303) and a motion to vacate under section 50(5) of the Civil Practice Act. (Ill. Rev. Stat. 1977, ch. 110, par. 50(5).) The third mode of attacking the order allows a section 72 petition to be presented after 30 days from the entry of a final order, judgment or decree if a party brings to the attention of the court matters of fact which, if known to the court at the time judgment was entered, would have prevented rendition of the judgment. (Ill. Rev. Stat. 1977, ch. 110, par. 72; *Resto v. Walker* (1978), 66 Ill. App. 3d 733, 739, 383 N.E.2d 1361.) Each of these three methods has been used at least once to attack the February default judgment.

■■ When that default judgment was entered, plaintiff chose not to appeal and instead filed a post-trial motion under section 50(5). (Ill. Rev. Stat. 1977, ch. 110, par. 50(5). Section 50(5) is designed to have sufficient scope to allow the petitioner "the right to file a motion to vacate any final judgment within thirty days on any terms that are reasonable" and, in

contrast to section 72, which requires new facts, "[t]he guidelines for considering such motions are based on the common law principles of right and wrong, prevention of injury, and furtherance of justice." Comment, *Post Trial Motions—New Flexibility*, 25 DePaul L. Rev. 737, 741 (1976).

After several continuances, a hearing was held and the motion to vacate denied. An uncontradicted affidavit, presented by defendant, avers that neither plaintiff nor her attorney attended this proceeding. Once the trial court ruled ex parte to deny the 50(5) motion directed against the February 8 judgment, plaintiff once again had the right to appeal. (Ill. Rev. Stat. 1977, ch. 110A, par. 303(a); *Donlon v. Miller* (1976), 42 Ill. App. 3d 64, 68, 355 N.E.2d 195). However, no appeal was filed within the 30-day limit set out in Supreme Court Rule 303. See *Weaver v. Bolton* (1965), 61 Ill. App. 2d 98, 109, 209 N.E.2d 5 (errors in judgments should be challenged by appeal).

■■■ Rather than appealing either of these orders in a timely manner, plaintiff is now appealing the December 1 denial of a motion to vacate the February 8 order. Whether the December motion was a belated attempt to file a motion to vacate so as to extend the time for appeal or a section 50(5) continuation of the February 8 proceeding, it was raised improperly more than nine months after the default proceeding. Notice of appeal alone does not vest jurisdiction in the appellate court to consider all matters presented. (*Wright v. Thompson* (1977), 50 Ill. App. 3d 149, 151, 365 N.E.2d 556.) Neither do successive motions to vacate extend the time for appeal from a final judgment. (See *Weaver v. Bolton* (1965), 61 Ill. App. 2d 98, 209 N.E.2d 5; *Handing v. Power Ford, Inc.* (1978), 67 Ill. App. 3d 466, 385 N.E.2d 95.) Therefore, in the absence of proper preservation or presentation of this matter by timely appeal, we do not have jurisdiction to review the propriety of the February 8 order as raised in the December 1, 1977, petition. See generally *Ruttenberg v. Red Plastic Co.* (1979), 68 Ill. App. 3d 728, 386 N.E.2d 616; *Norris v. Board of Fire & Police Commissioners* (1975), 30 Ill. App. 3d 224, 227, 332 N.E.2d 553.

## II.

Even if 30 days have passed since the entry of a final judgment, the order can be reopened in either of two ways—compliance with the requisites of a section 72 petition (Ill. Rev. Stat. 1977, ch. 110, par. 72) or revestment of jurisdiction in the trial court. Plaintiff predicates much of her appeal on the contention that the November 2 pretrial conference revested jurisdiction in the trial court, and thus reinstated her cause of action prior to the dismissal of her claims on the merits. Such a construction would greatly benefit plaintiff's position since the December 1

motion could then be construed as the first section 72 challenge to the February 8 default judgment and, at the same time, as a proper section 50(5) reopening of the November 3 dismissal for failure to produce an expert witness. (See Ill. Rev. Stat. 1977, ch. 110, pars. 50(5), 72.) After an examination of Illinois case law relating to revesting, we do not feel that defendant's actions at the November hearing should be considered as a consensual reconferring of jurisdiction in the trial court.

■■ ■ Revesting arises where the parties resubmit the dispute to the jurisdiction of the trial court either by stipulation (see *Krotke v. Chicago, Rock Island & Pacific R.R. Co.* (1974), 26 Ill. App. 3d 493, 327 N.E.2d 212; *Roin v. Checker Taxi Co.* (1962), 36 Ill. App. 2d 447, 184 N.E.2d 736), or by manifestation of that intent. In *Stark v. Ralph F. Roussey & Associates, Inc.* (1970), 131 Ill. App. 2d 379, 381, 266 N.E.2d 439, the court described facts relevant to an intent to revest as: "(1) the active participation of the parties without objection and (2), further proceedings inconsistent with the prior order of dismissal." Both elements are demonstrated in *Stark*, which involved a mistaken dismissal by a chancery court judge at the same time as hearings were progressing under a master. Following the chancery judge's dismissal, defendants continued to participate in the proceedings and to present witnesses even though at least one defendant admitted knowing of the mistaken termination of the suit. This type of acquiescence to the court's continued jurisdiction manifests the intent which is the determinative element of revesting. Plaintiff here maintains that defendant has revested the court with jurisdiction by attending a pretrial conference more than six months after the suit's dismissal. Defendant, however, contends that the November 1 proceeding was a section 72 hearing and not a jurisdictional revestment over the original malpractice cause of action.

On November 1, the court issued an order directing a hearing on plaintiff's petition to vacate the February order and setting a pretrial conference for the same date. Although plaintiff's petition does not appear in the record, it is described in her later pleadings, such as her December 1 petition, as containing allegations of due diligence and a meritorious defense to the entry of a default judgment. Being more than 30 days past the February 8 final order and containing averments of due diligence and mistake of fact, this petition must be construed as seeking section 72 relief (see Ill. Rev. Stat. 1977, ch. 110, par. 72; *Schuman v. Department of Revenue* (1967), 38 Ill. 2d 571, 573, 232 N.E.2d 732; *Stony Island Church of Christ v. Stephens* (1977), 54 Ill. App. 3d 662, 667, 369 N.E.2d 1313), as that was the only timely remedy remaining to plaintiffs. (See *Mehr v. Dunkar Builders Corp.* (1972), 7 Ill. App. 3d 881, 883, 289 N.E.2d 25.) Although the motion is not part of the record, plaintiff's attorney refers to it as being in writing and verified, and therefore in

proper form. (*E.g., Goldstick v. Saporito* (1974), 22 Ill. App. 3d 621, 318 N.E.2d 774.) Thus, we feel that those cases which exempt oral, unverified motions from being construed as section 72 motions are not applicable. See, *e.g., Diner's Club, Inc. v. Gronwald* (1976), 43 Ill. App. 3d 164, 356 N.E.2d 1261.

A section 72 petition is not a continuation of the original proceeding, but a commencement of a new cause of action. (*E.g., Campbell v. Kaczmarek* (1976), 39 Ill. App. 3d 465, 468, 350 N.E.2d 97.) Thus, defendant's participation in the November conference was not a reopening or continuation of the February malpractice hearing. Instead it was a part of a new proceeding under section 72, brought by plaintiff in an attempt to vacate the February order. Accordingly, defendant's involvement in the November conference was not "active participation * * * inconsistent with the prior order of dismissal." Rather, this attendance at the section 72 hearing was predicated on the prior dismissal. Participation in a section 72 hearing is entirely consistent not with revesting of jurisdiction but with proper adversary representation of a client.

■■■ Plaintiff further contends that defendant's acquiescence in the trial judge's proposed settlement bespeaks voluntary and active participation. Plaintiff's allegations are rebutted by verified affidavits from defendant's attorneys that not only did they not assent to the offers of settlement but further they did not have any authorization from their client to agree to such negotiations. We agree that revesting might have occurred had defendant actively participated in settlement negotiations more than six months subsequent to a case dismissal without raising any jurisdictional objection. However, in the instant case the order which set the pretrial conference also set the section 72 petition for hearing on the same date at the same time. Defendant was entitled to appear and resist the petition. To attach revesting consequences to defendant's presence under such circumstances ignores the practicalities of the situation. If the pretrial conference, scheduled as a result of the presentation of a section 72 motion, were construed to revest the court with jurisdiction, it would allow plaintiff to accomplish indirectly by means of a section 72 petition that which could not be done directly—to reopen the case on the merits without needing to satisfy the requisites of section 72. Consequently, defendant's actions were entirely consistent not with voluntary revesting of the trial court's jurisdiction but with contesting the plaintiff's section 72 petition. Further, if the trial court was not revested with jurisdiction, that portion of the November order dealing with the dismissal of plaintiff's cause of action for failure to produce "the name of any expert witness" is mere surplusage and a nullity. (*Kuolt v. Canright* (1916), 202 Ill. App. 502, 505 (language in an order unnecessary to its validity treated as surplusage

and does not operate to vitiate an otherwise proper order).) Such a finding on the merits was void since the court was without jurisdiction. These excess words alone were insufficient to ·reopen a long since dismissed case. Being surplusage, plaintiff could not attack it with a section 50(5) petition to reopen the case or contest that denied motion with an appeal. Therefore, we must dismiss that portion of plaintiff's appeal which stems from the alleged revesting of November 1.

## III.

Plaintiff next argues that she made the December 1 motion, addressed to the order denying her November section 72 motion, under either section 72 or 50(5) of the Civil Practice Act. (Ill. Rev. Stat. 1977, ch. 110, pars. 50(5), 72.) Section 72 is timely only after 30 days from an order; since she presented the December motion within 30 days of the November denial, section 72 cannot apply. However, the December petition was cognizable as a motion requesting the trial judge to reconsider and vacate the November order, thus raising the merits of that section 72 petition in this appeal.

A section 72 petition provides post-judgment relief from final orders after 30 days from their entry. (Ill. Rev. Stat. 1977, ch. 110, par. 72.) The purpose of the petition is to present facts not previously known by the court, which, if known at the time judgment was entered, would have prevented its entry. As a result, section 72 does not contemplate the review of orders from which a party could have appealed within the time prescribed by Supreme Court Rule 303(a), and cannot be invoked as a substitute for a party's right to appeal. (*Lilly v. County of Cook* (1978), 60 Ill. App. 3d 573, 377 N.E.2d 136; *Wells v. Kern* (1975), 25 Ill. App. 3d 93, 322 N.E.2d 496.) If the petition is merely a surrogate for an appeal, and the time has passed within which appeal would be proper, then this court has no jurisdiction to entertain appellant's contentions. (See *Wells v. Kern* (1975), 25 Ill. App. 3d 93, 322 N.E.2d 496.) Therefore, the facts surrounding the petition itself must be examined to see if the requisites of section 72 are satisfied.

A petition filed under section 72 is addressed to "the equitable powers of the court, as justice and fairness require, to the end that one may not enforce a default judgment attended by unfair, unjust or unconscionable circumstances." (*Elfman v. Evanston Bus Co.* (1963), 27 Ill. 2d 609, 613, 190 N.E.2d 348.) *Elfman,* a landmark case in section 72 practice, discussed various factors which invoke the operation of this post-judgment motion: unconscionable advantage to the nondefaulted party, meritorious defense, unfair advantage, conduct by plaintiff in delaying execution of judgment until after 30-day jurisdiction of court

had passed, no notice to defaulted party of change in damages claimed, and no showing of lack of diligence on the petitioner's part. See also *George F. Mueller & Sons, Inc. v. Ostrowski* (1974), 19 Ill. App. 3d 973, 313 N.E.2d 684; *Vanderbilt v. Sovereign Oil Co.* (1978), 61 Ill. App. 3d 149, 377 N.E.2d 1071.

■■ ■ Plaintiff contends that she did not receive actual notice of the February pretrial conference. Even assuming this to be true, Illinois courts have repeatedly held that it is the duty of a litigant to follow the progress of the case (*Esczuk v. Chicago Transit Authority* (1968), 39 Ill. 2d 464, 468-69, 236 N.E.2d 719; *David Plywood & Lumber Co. v. Sloan* (1977), 52 Ill. App. 3d 71, 75, 367 N.E.2d 101), and that lack of receipt is not inconsistent with adequate notice being given. (*Fennema v. Vander Aa* (1969), 42 Ill. 2d 309, 311, 247 N.E.2d 409.) Further, section 72 does not relieve a litigant of her own negligence or that of her retained counsel. *David Plywood*; see also *Staunton Coal Co. v. Menk* (1902), 197 Ill. 369, 375, 64 N.E. 278, stating: "It is the duty of a party to be present when his case is reached. His negligence in ascertaining when the case will be reached does not excuse his absence. If appellant relied upon the opinion of its attorney as to the time when the case would be reached for trial, it did so at its peril. *The negligence of the attorney in such matters is the negligence of the client.*" (Emphasis added.)

■■ We agree that the ideal situation would be to dispose of all cases on their merits. But certain procedures are necessary to prevent the court system from coming to a standstill with missed court dates, useless pleadings, and repetitive motions. As was stated in *Danforth v. Checker Taxi Co.* (1969), 114 Ill. App. 2d 471, 476, 253 N.E.2d 114:

> "Disregard for procedural rules intended to expedite the disposition of litigation can only contribute to the problem those rules were designed to ameliorate. Considering the enormous backlog of cases confronting our courts, due primarily to the vast increase of personal injury litigation, we cannot be indifferent to procedural rules such as those here involved. A general understanding that section 72 was always available for relief regardless of neglect in failing to comply with court orders would add to the case load and penalize those who obey the court's orders by subjecting them to further delay."

Where plaintiff has failed to follow the procedures designed to give the trial court jurisdiction over the matter, a hearing on the merits is properly foreclosed.

■■ ■ Perhaps even more fatal to plaintiff's claim, review of the decision of the trial court here is limited by the failure of appellant to furnish this court with either the November petition and motion or a

report of the proceedings. (See Ill. Rev. Stat. 1977, ch. 110A, par. 323(a) (duty of appellant to "include all the evidence pertinent to the issues on appeal").) Without such information, we can only assume that the trial judge acted within his discretion (accord, *George F. Mueller & Sons, Inc. v. Ostrowski* (1974), 19 Ill. App. 3d 973, 977, 313 N.E.2d 684; *Stony Island Church of Christ v. Stephens* (1977), 54 Ill. App. 3d 662, 668, 369 N.E.2d 1313), and that the evidence supported his decision. (See, *e.g.*, *Union Oil Co. v. Lang* (1971), 132 Ill. App. 2d 658, 270 N.E.2d 609; *Ladenheim v. McCormick* (1978), 66 Ill. App. 3d 188, 383 N.E.2d 751.) We recognize that the trial court may rule on a motion to vacate without a hearing, where the motion is unchallenged (*Meudt v. Travelers Insurance Co.* (1978), 57 Ill. App. 3d 286, 294, 372 N.E.2d 902), so that a report of proceedings might conceivably not be available. However, the section 72 petition was an essential jurisdictional step to invoke the court's power to review a final order. Since neither the petition or motion was produced, we are incapable of determining whether the trial court had proper jurisdiction or sufficient grounds to deny the petition. Accord, *In re Petition to Annex Certain Territory* (1963), 42 Ill. App. 2d 432, 435, 192 N.E.2d 553; *Libman v. Gipson* (1968), 93 Ill. App. 2d 62, 64, 235 N.E.2d 670.

■■ Additionally, plaintiff bases part of her appeal on allegations that negotiations took place at the "pretrial conference." Once again, the record is silent on this issue. It is incumbent upon the appellant to preserve transcriptions of matter before the trial court (*Neylon v. Illinois Racing Board* (1978), 66 Ill. App. 3d 621, 623, 384 N.E.2d 433), and to present records of the proceeding and judgments sufficient to show the errors of which she complains. (*Knecht v. Sincox* (1941), 376 Ill. 586, 589, 35 N.E.2d 68; see, *e.g.*, *Maborn v. Moyers* (1975), 26 Ill. App. 3d 231, 233, 325 N.E.2d 47; *In re Estate of Medina* (1968), 95 Ill. App. 2d 483, 238 N.E.2d 185.) Since this record is insufficient to enable review of the merits of the first section 72, we must dismiss that part of the appeal that originates in the November order.

## IV.

■■ Even if the November section 72 petition was correctly denied, plaintiff asserts that the December 1 motion was an appropriate section 72 and should have been granted. However, it is well settled that successive section 72 motions are improper where they seek to relitigate questions already validly adjudicated. (*Federal Sign & Signal Corp. v. Czubak* (1978), 57 Ill. App. 3d 176, 181, 372 N.E.2d 965; *Wells v. Kern* (1975), 25 Ill. App. 3d 93, 322 N.E.2d 496.) Defendant asserted lack of jurisdiction in his responses to post-trial motions and in his brief on appeal. He maintains that the December 1 section 72 was an attempt to reopen the February

proceeding on the same basis as the earlier November petition. Plaintiff responds that the November petition and motion, being absent from the record, should be deemed a nullity and should not bar that portion of the December petition which supplies grounds for a section 72 attack on the February order.

■■ Appellant, charged with the burden of producing a full record on appeal, cannot seize on the fortuitous disappearance of portions of the record to reinterpret the court's actions or to validate otherwise barred successive petitions. That plaintiff presented a petition and sought to take advantage of it is adequately demonstrated in the record:

> The order of November 1, 1977, refers to plaintiff's petition to vacate the dismissal entered February 8, 1977, and continues that motion to November 2, 1977;
> An order dated November 3, 1977, denies plaintiff's petition to vacate the dismissal of February 8, 1977;
> A motion filed December 1, 1977, by plaintiff's new attorney, who is prosecuting this appeal, acknowledges the presentation of the section 72 petition and relies upon matters set forth in that petition; and,
> The praecipe for record filed by the plaintiff itemizes the section 72 petition filed on November 1, 1977.

If plaintiff's attorney had a copy of the petition, Supreme Court Rule 329 (Ill. Rev. Stat. 1977, ch. 110A, par. 329) could have been utilized to correct the omission at the time the record was being prepared.

■■ Plaintiff's first section 72 petition seeking relief from the February default was denied on November 3. Even though that order was appealable (*Johnson v. Coleman* (1977), 47 Ill. App. 3d 671, 673, 365 N.E.2d 102), plaintiff filed no notice of appeal within the 30 days allowed by Supreme Court Rule 303(a) (Ill. Rev. Stat. 1977, ch. 110A, par. 303(a)). Moreover, this court denied plaintiff's motion for an extension of time to appeal the November denial of the section 72. Therefore, this court has no jurisdiction to hear either the December section 72 (barred as a successive section 72 seeking to relitigate the same points raised in an earlier section 72) or the January appeal of the November order (barred by failure to properly preserve for appeal). Lacking jurisdiction to hear these claims, we must dismiss this portion of the appeal.

We find it unnecessary to address any of plaintiff's further contentions which concern the merits of the February 8, 1977, default or the November 2, 1977, denial of plaintiff's petition to vacate. These contentions, as thoroughly discussed above, should have been raised by timely appeal or adequate section 72 motion. For all of the foregoing reasons, we feel that we have no jurisdiction to consider the merits of the

points raised by plaintiff in these appeals and we therefore dismiss the appeals.

Appeals dismissed.

DOWNING and HARTMAN, JJ., concur.