(No. 76-CV-1301–)

*In re* APPLICATION OF EDWARD MCMANUS.

*Opinion filed September 21, 1981.*

JAMES T.J. KEATING, for Claimant.

TYRONE C. FAHNER, Attorney General (ALAN R. BOU-
DREAU, Assistant Attorney General, of counsel), for Respon-
dent.

ROE, C.J.

This application is before the Court on the two
motions of Applicant and the objections thereto filed by
the State of Illinois. A brief history of the case leading up
to the filing of the motion is as follows.

Mr. McManus filed his application for benefits under
the Crime Victims Compensation Act, hereinafter re-
ferred to as the Act (Ill. Rev. Stat. 1975, ch. 70, par. 71 *et
seq.*), on September 9, 1976, following injuries sustained
during the course of a crime which occurred on October
3, 1975. By order of this Court filed November 3, 1976,
his application was denied on the grounds that the record
indicated that his injuries were substantially attributable
to his wrongful act pursuant to section 3(f) of the Act.

He disputed the determination reached by the Court
and asked for a hearing which, if said request is timely

made, was his right. Although the request was filed one week late, he was allowed to have a hearing. The hearing was held on March 17, 1977, at which time both the Applicant and the State put on their evidence. At the suggestion of Commissioner Ashman, the Applicant did not rest his case at the conclusion of the hearing on that date because he failed to present evidence of the permanency or lack of permanency of his injuries. The case was continued to afford Applicant another opportunity to present expert testimony or stipulate to the issue with the Attorney General.

Further hearings were scheduled on five different occasions. However, no hearings were held. Finally, on December 15, 1977, the matter was set for a report on the status. Because neither Mr. McManus nor his attorney appeared, the case was dismissed for want of prosecution by order of the Court filed December 22, 1977.

On July 11, 1978, the Court granted the motion of Mr. McManus' attorney to withdraw his appearance. The order granting said motion recites that a hearing on it was set for December 8, 1977, that due notice of said hearing was sent to the Applicant, but that he failed to appear. The motion of Applicant's attorney stated that (1) he had sent Mr. McManus a notice of the motion and hearing at his last known address, (2) that he had been unable to reach the Applicant since May of 1977, and (3) that the Applicant had been unresponsive, uncommunicative, and uncooperative, thus making it impossible for him to prosecute the claim.

Nothing more transpired on the case for over 27 months after the order dismissing the claim for want of prosecution, but only a little over 18 months following the order allowing counsel to withdraw. Then, on March 25, 1980, a different attorney filed a motion to set a hearing. The commissioner to whom the case had been pre-

viously assigned promptly notified Applicant's counsel that it would be inappropriate to set a hearing because the case was dismissed back in 1977. This gave rise to the filing of a second motion on May 12, 1980, to set a hearing (which we will refer to as the amended motion) alleging that certain actions of the Court and Attorney General worked to revest the Court with jurisdiction by manifestation of intent. The State of Illinois filed an objection to the amended motion on May 23, 1980. A response to said objection was filed by Applicant on June 18, 1980.

Because the two-year anniversary of the Court's order of July 11, 1978, was fast approaching and we had yet to rule on the amended motion, Applicant filed a section 72 petition to vacate the order of dismissal and the order allowing withdrawal of counsel. The State of Illinois then filed its objections to this petition. Later, Applicant filed an affidavit and a motion to cite additional authority.

The first issue raised is whether or not certain actions by the Court and the Attorney General worked to revest the Court with jurisdiction over the application. As pointed out in Applicant's amended motion, revesting arises where, after an order of dismissal has been entered, the parties resubmit the matter to the jurisdiction of the Court by manifestation of intent. The appellate court explained the revesting doctrine in *Stark v. Ralph F. Roussey & Associates, Inc.* (1970), 131 Ill. App. 2d 379, 381, 266 N.E.2d 439, 441:

> "Where a court loses jurisdiction, after expiration of 30 days following a dismissal order, the parties may, by appearing voluntarily and participating in further proceedings, revest the court with jurisdiction. The elements essential to revesting are: (1) the active participation of the parties without objection and; (2) further proceedings inconsistent with the prior order of dismissal. *Ridgely v. Central Pipe Line Co.*, 409 Ill. 46, 97 N.E.2d 817 (1951)."

It is the Applicant's contention that by entering the order

of July 11, 1978, allowing the attorney to withdraw, the Court by its own action revested and revived the matter. Applicant also contends that certain correspondence by the Attorney General's office (which has been made part of the record) showed that that office did not consider the matter dismissed.

In support of his position Applicant cites a number of cases in addition to the case from which the above quotation was excerpted, including *Nenadic v. Grant Hospital,* (1979), 75 Ill. App. 3d 614, 394 N.E.2d 527; *Stevens v. City of Chicago* (1970), 119 Ill. App. 2d 366, 256 N.E.2d 56; *Ridgely v. Central Pipe Line Co.* (1951), 409 Ill. 46, 97 N.E.2d 817; *Johnson v. Empire Mutual Insurance* (1979), 70 Ill. App. 3d 780, 388 N.E.2d 1042; and *Asumendi v. Fortman* (1978), 58 Ill. App. 3d 186, 374 N.E.2d 20. While all of these cases stand for the proposition that actions of the parties may cause revesting to occur, none are directly on point.

We do not think that revesting occurred in this case. The Court had no jurisdiction to enter its order of July 11, 1978, allowing the attorney to withdraw. It lost jurisdiction following 30 days after the order of dismissal. None of the parties were before the Court on the day that order was filed. The order was entered based upon the recommendation of a commissioner who had the attorneys for the respective parties present before him at a hearing held prior to the order of dismissal. It was not acted on by the Court until after the case had been dismissed. At no time did the parties appear voluntarily and participate in any further proceeding after the order of dismissal.

Furthermore, the correspondence of the Attorney General's office on its face is vague and noncommittal. The first note only said that the Attorney General had been trying to call the Applicant's former attorney and

asked that he (the attorney) call to set up some meeting. The second was a follow-up to the first which said no reply had been received. We do not think anything contained therein constitutes active participation inconsistent with the order of dismissal. The Attorney General's office explained that these letters were written as a courtesy to Mr. McManus who had phoned them. Said explanation was uncontroverted. If we were to hold that such action in some way revived the claim and revested the Court with jurisdiction we would effectively be prohibiting all contacts with applicants by the Attorney General after a case has been closed.

Applicant's section 72 motion must also be denied. It was filed more than two years after the order of dismissal which was the final order in this case. As stated above, the order allowing the attorney to withdraw was void for lack of jurisdiction.

It is hereby ordered that the motion of Applicant to set a hearing and the Applicant's section 72 petition be, and hereby are, denied.