*In re* CUSTODY OF THERESA YUHAS.—(DIANNE YUHAS HOSKINS, Petitioner-Appellee, *v.* THOMAS YUHAS, Respondent-Appellant.)

Third District    No. 79-1005

Opinion filed August 20, 1980.

Melvin H. Hoffman, of Hoffman & Mueller, of Ottawa, for appellant.

Walter L. Stodd and M. G. Gulo, both of Streator, for appellee.

Mr. JUSTICE STOUDER delivered the opinion of the court:

This is an appeal from a judgment of the circuit court of La Salle County changing custody of Theresa Yuhas from appellant Thomas Yuhas to appellee Dianne Yuhas Hoskins. On March 19, 1971, a decree of divorce was entered dissolving the marriage of Thomas and Dianne Yuhas and

custody of the two minor children, John and Theresa, was awarded to Dianne Hoskins. On March 12, 1976, the divorce decree was modified and custody of both minor children was awarded to Thomas Yuhas. On August 8, 1979, Marcia Yuhas, Thomas' wife and Theresa's stepmother, saw Theresa with a cigarette in her hand while with some friends. Marcia Yuhas pulled Theresa from the couch and slapped her across the face. The child, entangled in a blanket, fell to the floor striking her head. The next day Theresa went to visit her mother and stayed with her. Neither Thomas Yuhas nor his wife Marcia saw Theresa again until the hearing in December 1979 on the petition for change of custody.

After the hearing the trial court entered an order changing custody, saying there had been a material change in circumstances of the parties and that the best interests of the child required that custody of Theresa be awarded to Dianne Hoskins. Thomas Yuhas moved for a stay of the order, which the court denied, stating that Theresa's return to her father's house "would place the child into an environment previously found by this court to be seriously dangerous to the child's emotional and physical health * * * ."

On appeal, Thomas Yuhas raises two issues: (1) whether the trial court made the specific findings required by section 610(b) of the Marriage and Dissolution of Marriage Act; and (2) whether the change in custody was against the manifest weight of the evidence. We affirm.

We must initially determine whether or not the trial court made the specific findings required by section 610(b) of the Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1979, ch. 40, par. 610(b)). We believe it did. Section 610(b) provides that the court shall not modify a prior custody judgment unless it finds a change in circumstances of the child or custodian and that the modification is necessary to serve the best interests of the child. In applying these standards the court shall retain the custodian appointed pursuant to the prior judgment unless one of three circumstances arises. The parties agree that the applicable subsection of 610(b) in the instant case is subsection (3):

> "(3) the child's present environment endangers seriously his physical, mental, moral or emotional health and the harm likely to be caused by a change of environment is outweighed by its advantages to him."

In *In re Custody of Harne* (1979), 77 Ill. 2d 414, 396 N.E.2d 499, the Illinois Supreme Court held a court must find at least one of the factors mentioned in section 610(b) present before changing custody. Appellant contends that the court did not find 610(b)(3) to be present in the instant case and therefore the order changing custody is void. Appellant bases this

argument on the fact that the order entered by the trial court did not specifically recite any of the sections of 610(b) in changing custody, but merely stated that the material change of circumstances dictated that the best interests of the child required a change of custody. We find this argument unpersuasive. On the motion for a stay of the order changing custody, the trial court specifically stated that it had previously found that returning the child to her father's home would present a serious danger to the child's emotional and physical health. Thus, while the court may not have expressly stated that it found section 610(b)(3) applicable, it is clear from its denial of the motion for a stay that it did find it applicable. The language denying the motion merely reiterated its findings. Therefore, the statutory requirement was met.

Having found the requisite requirement was present, we turn to appellant's second issue, whether the trial court's judgment was against the manifest weight of the evidence. We believe that it was not. The evidence is clear that Marcia Yuhas had slapped Theresa on the face causing Theresa's nose to bleed and resulting in bruises the day before Theresa went to stay at Dianne Hoskins' house. It is also undisputed that Marcia Yuhas had slapped Theresa in the face on other occasions. Further, Theresa had made it clear that she wanted to live with her own mother and that her relationship with her stepmother was deteriorating. Under such circumstances we cannot say the trial court's holding was against the manifest weight of the evidence.

For the aforementioned reasons the judgment of the circuit court of La Salle County is affirmed.

Affirmed.

ALLOY, P. J., and SCOTT, J., concur.