*In re* MARRIAGE OF AUDREY A. ZABINSKI, Petitioner and Counterrespondent-Appellant, and JOSEPH J. ZABINSKI, Respondent and Counterpetitioner-Appellee.

First District (1st Division)    No. 81-1421

Opinion filed December 21, 1981.

Gregory P. Turza, of Chicago, for appellant.

Burton F. Grant, of Grant and Grant, of Chicago, for appellee.

PRESIDING JUSTICE CAMPBELL delivered the opinion of the court:

Audrey A. Zabinski, petitioner (hereinafter called the wife), brings this appeal from an order of the circuit court of Cook County granting the petition of Joseph J. Zabinski (hereinafter called the husband) for a change of custody, and awarding permanent custody of the parties' minor children to the husband. The issues presented for review are: (1) whether the trial court erred by modifying a prior permanent custody order without making specific findings of fact in accordance with the requirements of section 610(b)(1), (2), (3) of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1979, ch. 40, par. 610(b)(1), (2), (3)); (2) whether the trial court erred by applying the presumption in favor of retaining the present custodian under the prior custody order to the husband rather than to the wife; and (3) whether the trial court denied the wife her day in court in violation of her right to due process under the United States Constitution by accepting the finding of serious endangerment set forth in the order for a temporary change of custody, instead of basing its findings on the evidence presented at the full hearing on the motion for permanent custody.

On December 21, 1978, the wife was granted a dissolution of marriage from the husband. By agreement of the parties, the wife was

awarded permanent custody of the two minor children, Kimberly Ann, born August 14, 1970, and Joseph Jr., born August 18, 1972. On March 26, 1980, the husband filed a petition for change of custody pursuant to section 610 of the Illinois Marriage and Dissolution of Marriage Act. The petition alleged that subsequent to the entry of the judgment for Dissolution of Marriage a substantial change in circumstances had occurred with respect to the welfare of the minor children in that "their present environment may seriously endanger their physical, mental, moral, or emotional health." After an emergency hearing on the petition conducted April 2, 1980, the trial court found that the wife was cohabiting with Dan Grube, a male person to whom she was not married and that the present environment of the children may endanger seriously their physical, mental, moral, or emotional health. The court then awarded temporary custody of the minor children to the husband, without prejudice, commencing April 2, 1980, subject to visitation rights in the wife.

On February 13, 1981, after a full hearing on the husband's motion for permanent custody, the trial court awarded permanent custody to the husband. The court included the following findings in its order for change of custody:

"C. Temporary Custody of the minor children was awarded to the Respondent, Joseph J. Zabinski, on April 2, 1980 pursuant to a finding that the children's present environment at that time seriously endangered their physical, mental, moral and emotional health;

* * *

E. Both children expressed a desire to live with the Respondent and not with the Petitioner;

F. That it would constitute a serious endangerment to the children to remove them from the stability and continuity of their environment with the Respondent, Joseph J. Zabinski, thus subjecting the children to being shuttled back and forth between the environment of Respondent and environment of the Petitioner.

G. For the children to remain with the Respondent would have a stabilizing effect in accordance with the intent of the Statute under §610.

H. The children have adjusted to their present environment.

I. It is in the best interest of the children to remain in their present environment with the Respondent."

Initially, the wife contends that the trial court erred by modifying a prior permanent custody order without making specific findings in accordance with the requirements of section 610(b)(1), (2), (3) of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1979, ch. 40, par. 610(b)(1) through (3).) The wife cites *In re Custody of Harne*

(1979), 77 Ill. 2d 414, 396 N.E.2d 499, wherein the Illinois Supreme Court held that a child custody modification must be supported by one of the three elements of section 610(b), and that explicit findings by the trial court on points (1), (2), or (3) are indispensable requirements of the statute. The wife urges that in the instant matter the trial court made no explicit findings on points (1), (2), or (3) of the statute, instead the trial court erroneously used subsection (b)(3) language of serious endangerment in connection with the court's desire that the children not be removed from the stability of the temporary custody environment provided by the husband. This desire was expressed by the court without a finding that the environment provided by the wife was endangering to the children.

The husband urges that the final custody modification order awarding permanent custody to him was supported by the manifest weight of the evidence and should not be disturbed. He urges further that the final order satisfied the requirements of section 610(b), in that the order was based in part on the finding of the court that at the time of the entry of the temporary child custody order the wife was cohabiting with a male person to whom she was not married. The husband relies on *Jarrett v. Jarrett* (1979), 78 Ill. 2d 337, 400 N.E.2d 421, in support of his position, wherein the Illinois Supreme Court held that the custodial parent's "disregard for existing standards of conduct instructs her children, by example, that they, too, may ignore them [citations] and could well encourage the children to engage in similar activity in the future. * * * their daily presence in that environment was injurious to the moral well-being and development of the children." (78 Ill. 2d 337, 346-47.) The husband also relies on *In re Marriage of Neeld* (1981), 96 Ill. App. 3d 40, 420 N.E.2d 1080, wherein the court held that explicit findings under section 610(b) are not required in a final custody order if those findings are contained in a temporary custody order.

At the time of the oral argument of the case at bar on appeal, counsel for the wife admitted that he drafted and prepared the order complained of and asserted the absence of a report of proceedings covering most of the final hearing was not a bar to a consideration of the statutory requirements of certain findings by the court mandated by section 610(b). In other words, the legal issues are raised as distinguished from factual issues.

The husband concedes that it may be appropriate to review a change of custody order on a legal issue raised solely as to the sufficiency of the findings contained in an order but that the question of whether the statutory requirements have been met entails a review of the evidence presented to ascertain whether the trial court's order was against the manifest weight of the evidence. (*In re Custody of Yuhas* (1980), 87 Ill. App. 3d

521, 409 N.E.2d 148.) The husband suggests that to attempt to review the legal sufficiency of the order and the statutory findings contained in the order prepared by counsel for appellant without the entire record would be inappropriate under the circumstances of this case.

In our opinion we need not address the issue as to the statutory prerequisites without some reference in the record to ascertain if there was adequate support in the record essential for the findings with respect to section 610(b). (*In re Custody of Harne* (1979), 77 Ill. 2d 414, 396 N.E.2d 499.) In the absence of a proper record (Ill. Rev. Stat. 1979, ch. 110A, par. 321), we feel compelled to presume that the requisite statutory requirements were met (*In re Custody of Youhas*; *Nenadic v. Grant Hospital* (1979), 75 Ill. App. 3d 614, 394 N.E.2d 527), and that the action of the trial court was correct.

For the aforementioned reasons, we decline to discuss the other issues raised by appellant, and the judgment of the circuit court of Cook County is affirmed.

Affirmed.

GOLDBERG and McGLOON, JJ., concur.