*In re* ESTATE OF ANNA PETERSON, Deceased.—(GERALDINE FITZGERALD, Administrator-Appellant, *v.* HOME INSURANCE COMPANY, Claimant-Appellee.)

(No. 55384; )

First District—January 17, 1972.

*Rehearing denied February 1, 1972.*

Richard Kahn, of Chicago, for appellant.

Berman and Newman, of Chicago, (Leonard E. Newman, of counsel,) for appellee.

Mr. JUSTICE LYONS delivered the opinion of the court:

This is an appeal from an order of the Circuit Court of Cook County denying a petition to vacate an order allowing the claim of Home Insurance Company against the estate of Anna Peterson.

The record reveals that on April 3, 1969, Home Insurance Company, as subrogee of its assureds under certain fire protection policies, filed a claim against the said estate in the amount of $3,095.10. The claim appeared on the claim docket for April of that year and an order allowing the claim was entered on April 28, 1969. On April 14, 1972, the attorney then representing the administrator filed a verified peition to vacate the order allowing the claim. In this petition it was averred:

(1) that he did not appear at the April 1969, claim call, believing that the claim would appear on the May 1969, claim docket;

(2) that he did not learn that the claim had been allowed until June 4,

1969, when he received a letter from counsel for the claimant dated June 3, 1969;

(3) that he immediately contacted counsel for the claimant by telephone and was advised to file a motion to vacate the claim, which motion would not be opposed;

(4) that there exists a meritorious defense to the claim "* * * in that liability to claimant, if any, would probably be against the estate of decedent's husband, Alan Peterson, whose estate will be pending in this court shortly."

In claimant's answer to the petition to vacate it was stated:

(1) that on June 3, 1969, claimant's attorneys advised the attorney representing the estate by letter that the claim had been approved and requested that an inventory be filed;

(2) that on June 5, 1969, claimant's attorneys agreed with counsel then representing the estate to vacation of the allowance of the claim, provided that it be accomplished immediately;

(3) That on July 2, 1969, counsel for the claimant sent a copy of the June 3, 1969, letter to counsel for the estate, which letter contained the following written addendum, "please take action on this matter 7-2-69";

(4) that on July 16, 1969, counsel for claimant again sent counsel then representing the estate a copy of the letter of June 3, 1969, bearing the written notation "* * * if our claim remains 'allowed' after August 1, 1969—we will oppose any attempt to vacate it."

Present counsel for the administrator has both in his brief and upon oral argument shown himself to be a worthy advocate. While many of the arguments which he has advanced may well have proven decisive had they been presented by prior counsel to the Circuit Court, we can consider the propriety of that court's order only within the context of the material presented to it at the time the order was entered.

■■ A petition under section 72 of the Civil Practice Act (Ill. Rev. Stat. 1969, ch. 110, par. 72) is not a continuation of the original proceeding. It marks the commencement of a new action and, as is the case with any original pleading, must set forth the grounds upon which the petitioner's entitlement to the relief sought rests. (*Fennema v. Vander Aa*, 1969, 42 Ill.2d 309, 247 N.E.2d 409.) The instant petition was totally inadequate and could not have supported an order for the relief prayed. It fails to set forth facts tending to establish the petitioner's diligence, the existence of a meritorious defense, and fails to contain an allegation that proper notice concerning the placement of the claim on the April 1969 claim call was wanting. Rather it is merely stated that counsel "believed" that the claim would appear on the May 1969, docket.

■■ We conclude that the Circuit Court was correct in denying the petition to vacate since the petition was insufficient on its face to establish the petitioner's entitlement to the relief prayed.

Judgment affirmed.

GOLDBERG, P. J., and BURKE, J., concur.