CAMBRIDGE-ON-THE-LAKE HOMEOWNERS ASSOCIATION *et al.*, Plaintiffs-Appellees and Cross-Appellants, *v.* THOMAS C. HYNES, Cook County Assessor, *et al.*, Defendants-Appellants and Cross-Appellees.

First District (3rd Division)   No. 81—2478

Opinion filed June 29, 1983.—Modified on denial of rehearing August 3, 1983.

Richard M. Daley, State's Attorney, of Chicago (Jane Clark Casey and Robert S. Vihon, Assistant State's Attorneys, of counsel), for appellants.

Elliott D. Hartstein and Allan Goldberg, both of Chicago, for appellees.

Richard J. Barr, Jr., for *amici curiae* Cunningham Courts Townhomes Homeowners Association and Bay Colony Condominium Owners Association.

JUSTICE O'CONNOR delivered the opinion of the court:

This action was brought by three plaintiff homeowners associations for injunctive and other relief from assessments and real estate taxes on certain common area parcels held by the associations for their respective complexes. The taxes were separately assessed and levied on the subject parcels which were comprised of certain improvements, including private streets, paved parking areas, recreational buildings, swimming pools, tennis courts and other common facilities. Plaintiffs alleged that said assessments and taxes were unauthorized by law. The trial court entered its order on September 18, 1981, declaring the subject assessments and taxes to be unauthorized in violation of section 10 of the Condominium Property Act (Ill. Rev. Stat. 1979, ch. 30, par. 310) (the Act), which prohibits the imposition of real estate taxes on the common property of a condominium complex. The court enjoined further assessments and taxes on the subject parcels for 1979 and subsequent years. Defendants appeal. In addition, plaintiffs cross-appeal from the trial court's finding that they failed to prove their alternate theory of double taxation. We affirm.

The parties stipulated that certain exhibits were true and correct copies of the respective condominium and homeowners declarations relating to plaintiffs. The declarations for each of the plaintiff associations provide that the individual unit owners of each respective complex have easements of enjoyment and use of the common areas which are appurtenant and running with the land. The declarations similarly state that membership of the respective plaintiff homeowners associations consists of all unit owners in the subject complex and that membership in these associations may not be separated from the ownership of the dwelling units. All unit owners are responsible for paying their assessed proportionate share of the expenses of their respective associations, and the declarations provide that such assessments, if unpaid, shall become liens against the individual units. The definitions of "property," "unit" and "common elements" in each of the declarations are similar or identical to those provided in the Act. Section 2(e) of the Act defines "common elements" as "all portions of the property except the units, including limited common elements unless otherwise specified." (Ill. Rev. Stat. 1979, ch. 30, par. 302(e).) "Unit" is defined in section 2(d) as "a part of the property designed and intended for any type of independent use." (Ill. Rev. Stat. 1979, ch. 30, par. 302(d).) "Property" is defined in section 2(c) as "all the

land, property and space comprising the parcel, all improvements and structures erected, constructed or contained therein or thereon, including the building and all easements, rights and appurtenances belonging thereto, and all fixtures and equipment intended for the mutual use, benefit or enjoyment of the unit owners, submitted to the provisions of this Act." Ill. Rev. Stat. 1979, ch. 30, par. 302(c).

Kenneth Kavel, director of appraisal of the Cook County assessor's office, was the principal witness at trial. Kavel had responsibility for the assessment of all condominiums assessed during the 1976 quadrennial reassessment, which included Cambridge-On-The-Lake and Normandy Hill. He also testified that Park of River Oaks was assessed under his direction. Kavel testified that the value of each of the subject tax parcels and their included amenities in this case was reflected in the purchase price and fair market value of the individual units in each respective condominium complex because the value of the units includes the rights to these amenities, and that under these circumstances the assessing "procedure" requires that the value of the assessments on the common area parcels be deducted from the assessments on the units. Kavel did not know or have independent recollection as to whether such adjustment procedure was used in the actual assessment of the Cambridge or Normandy complexes, and no evidence was produced by the assessor's office reflecting such adjustments. Some assessment worksheets were produced which appeared to show that adjustments were made in the case of River Oaks.

The trial court found that the assessment of the subject parcels violated section 10 of the Act, which provides in pertinent part:

> "Real property taxes *** which are authorized by law to be assessed against and levied upon real property shall be assessed against and levied upon each unit and the owner's corresponding percentage of ownership in the common elements as a tract, and not upon the property as a whole. ***" (Ill. Rev. Stat. 1979, ch. 30, par. 310.)

The court also found that although defendants did not prove that the adjustments required by the procedure were made, plaintiffs failed to meet the burden of proving double taxation. We agree with the court's finding with respect to section 10 of the Act and affirm based on that issue alone.

Defendants argue that the trial court erred because the declarations of the respective homeowners associations specifically provide that the subject common area or recreational parcels are separate and distinct from the common elements. This, they contend, is evidenced by the fact that the drafters of said declarations provided separate le-

gal descriptions and permanent tax index numbers for the subject parcels. Defendants also point to section 8 of the Act which, along with each of the subject declarations, specifically prohibits the division of the percentage of ownership in the common elements from the units. (Ill. Rev. Stat. 1979, ch. 30, par. 308.) Defendants argue that this legal distinction is further demonstrated by the fact that the owners of the subject parcels are the plaintiff-homeowner associations, which are distinct legal entities, and not the individual unit owners. We cannot escape the clear language of the Act, however, which we find to support the trial court's decision.

Section 10 of the Act provides that each unit owner's assessment is to include his percentage of ownership in the common elements and that the common elements are not to be separately assessed. "Common elements," as used in the Act, therefore, must include each and every portion of the "property" subject to the declarations with the exception of the units themselves. The fact that the subject parcels may be characterized by different terminology in the subject declarations or provided separate legal descriptions and tax index numbers cannot change this determination, because the declaration of ownership cannot supersede the Act; it can only supplement the statute, including statutory definitions such as "common elements." *400 Condominium Association v. Tully* (1979), 79 Ill. App. 3d 686, 690, 398 N.E.2d 951, *cert. denied* (1981), 451 U.S. 907, 68 L. Ed. 2d 294, 101 S. Ct. 1973.

The trial court found the decision in the *400 Condominium Association* case to be controlling in the present case. We agree. There, the assessor assessed and levied real estate taxes on each separate unit of the subject condominium complex and also issued a separate real estate tax bill for the condominium's parking garage. The court found that the garage was a "common element" as defined by the Act and held that the separate taxation of the units and the common elements was in violation of section 10, which "mandates a legislative determination to tax the individual condominium unit rather than the entire real estate property." 79 Ill. App. 3d 686, 689.

The court in that case also discussed the rationale for section 10 of the Act: Where a tax is imposed only on the individual unit owners, any owner's failure to pay real estate taxes or special assessments on his unit ownership will not affect in any manner whatsoever the title to other unit ownerships in the condominium; separate taxation thereby prevents a foreclosure against any part of the property except the unit ownership of the defaulting owner and insulates the individual condominium owner from the liabilities of the other condo-

minium owners. (79 Ill. App. 3d 686, 689; see Kane & Helms, *The Illinois Condominium Property Act*, 1970 U. Ill. L. F. 157, 170.) This rationale is equally applicable to the instant case. While the legal titleholders of the subject parcels may be the respective not-for-profit corporate associations, each unit owner is a member of his respective corporation and each owner's deed transfers an interest to him in the common elements. If a separate tax assessed and levied on the subject parcels is not paid, a foreclosure action could be instituted against those parcels. Thus, the nonpayment of a unit owner's share of taxes on the subject parcels would necessarily affect the financial independence of all other owners. Moreover, this result would occur regardless of whether title to the common parcels was directly transferred to all unit owners or, as here, indirectly transferred to separate corporations composed of all unit owners.

We also find defendants' attempt to distinguish the *400 Condominium* case on the basis of physical disparities between the subject parcels to be without merit. The only controlling factors germane to the issue of an unauthorized tax on the common elements are the statutory definitions and the language of each of the declarations. We similarly reject defendants' argument that in the *400 Condominium* case the garage was specified in the declarations as a common element and, unlike the instant case, the drafters there did not designate the subject parcel with a separate tax identification number. We do not believe that the drafters of a condominium declaration need enumerate each and every physical component of the common elements where, as here, they are implicitly included within the language of the Act and the declarations.

Based on the foregoing, we hold that the taxes assessed and levied on the subject parcels were unauthorized by law and, accordingly, plaintiffs were entitled to the equitable relief granted by the trial court. (*400 Condominium Association v. Tully* (1979), 79 Ill. App. 3d 686, 691; *Clarendon Associates v. Korzen* (1973), 56 Ill. 2d 101, 306 N.E.2d 299.) The judgment in their favor is affirmed. Because plaintiffs have thus received all the relief to which they are entitled, we find it unnecessary to consider their cross-appeal. Accordingly, we dismiss the cross-appeal.

Affirmed and cross-appeal dismissed.

RIZZI and WHITE, JJ., concur.