**TARA HILLS CONDOMINIUM ASSOCIATION, Appellant,**

v.

**Patrick J. GAUGHAN, et al., Respondents.**

No. C2–86–1342.

Court of Appeals of Minnesota.

Jan. 27, 1987.

Review Denied March 25, 1987.

Kurt M. Anderson, Thomas P. Balyk & Associates, St. Paul, for appellant.

John R. Dorgan, Frommelt & Eide, Ltd., Minneapolis, for respondents.

Heard, considered, and decided by POPOVICH, P.J., and WOZNIAK and FORSBERG, JJ.

## OPINION

WOZNIAK, Judge.

Tara Hills Condominium Association (Tara Hills) sued its condominium developer, Gaughan Land, Inc. (GLI), alleging several violations of the disclosure requirements of Minnesota's Uniform Condominium Act (Act). *See* Minn.Stat. §§ 515A.1–101 to 4–118 (1980). On the parties' motions for summary judgment, the trial court held that GLI did not violate certain provisions of the Act, but the court denied summary judgment on other alleged violations because questions of fact existed. The court refused to address one alleged violation, believing the parties had settled this issue. Final partial summary judgment was entered after the trial court made the necessary express findings under Minnesota Rules of Civil Procedure 54.02 and Rules of Civil App. Procedure 104.01. Tara Hills appeals. We affirm.

## FACTS

In 1981 and 1982, GLI developed Tara Hills Condominium, a complex of five multi-unit buildings containing a total of 42 residential units. As part of its development, GLI submitted its site plan to the St. Paul Office of Planning and Economic Development for approval. The plan did not provide for construction of any retaining walls. The city approved the plan, noting that no retaining walls were included in the plan and that none would be approved. Any changes in the plan had to be approved by the Planning Office. Nevertheless, GLI built three retaining walls. GLI's director of planning testified in his deposition that city personnel were aware of the construction of the retaining walls. Once constructed, the retaining walls encroached on the surface as well as the subsurface of adjoining property.

GLI provided each prospective condominium purchaser with a disclosure statement, as required by Minn.Stat. § 515A.4–106(a). Failure to provide the statement and any amendments to the statement subjects the declarant to a penalty whereby a purchaser can recover from the declarant up to 5% of

the unit sale price. GLI's disclosure statement contained four statements which are the subject of this appeal. GLI stated: (1) that there were no amenities other than two tot lots; (2) that there was not a current balance sheet and that attached as an exhibit was a proposed balance sheet for the first year's operating expenses; (3) that there were no liens, defects, or encumbrances on or affecting the title to the condominium; and (4) that declarant warranted the buildings as set forth in Minn. Stat. §§ 515A.4–111 and 515A.4–112.

Only one tot lot was ever built. At some point, the retaining walls began to bow. The parties' relationship became strained and Tara Hills eventually sued GLI, alleging several violations of Minnesota's Uniform Condominium Act. Tara Hills brought a motion for partial summary judgment solely on GLI's liability under the 5% penalty provision of section 515A.4–106 for failing to provide *any* disclosure statement. Tara Hills further moved for summary judgment on other alleged violations of the disclosure requirements. Specifically, Tara Hills alleged that GLI failed to disclose the terms of the warranties and the existence and maintenance costs of the retaining walls. Tara Hills also alleged that GLI falsely disclosed the number of tot lots, that no title defects existed, and that the condominium conformed to zoning and land use regulations. Prior to the hearing on the motion, the parties met in chambers with the trial judge. Their conference was not recorded, but during the conference, the tot lot issue was discussed and settled, GLI apparently having offered to build a second tot lot.

The trial court held that GLI did not violate the provisions of section 515A.4–106. The court also held that GLI did not violate the disclosure requirements concerning the warranty terms and the retaining walls.[1] The court, however, denied summary judgment on the issues of title defects and land use regulation violations because questions of fact existed as to

these allegations. The court did not consider the tot lot issue because the parties had reached a settlement.

Tara Hills moved for reconsideration, which the court denied. In its order denying reconsideration, the court incorporated a letter to Tara Hill's counsel explaining that the tot lot issue had been settled by the parties and had been removed from the court's consideration. Tara Hills subsequently submitted an amended statement of proceedings to the court concerning the conference where the tot lot issue was discussed. Tara Hills asked the court to approve a statement which made GLI's settlement offer unconditional. The court declined to approve this request because the court could not remember if the settlement was unconditional. GLI then submitted a proposed amended statement of proceedings which the court approved over Tara Hills' objections. This document states the court "found that the tot lot disclosure issue had been resolved by the parties and was therefore moot."

## ISSUES

1. Did the trial court err in holding that GLI did not violate Minn.Stat. § 515A.4–106 for failing to provide condominium purchasers with the required disclosure statement?

2. Did the trial court err in holding that the disclosure requirements were satisfied where the disclosure statement referred to the statutory warranties instead of expressly listing them?

3. Did the trial court err in holding that the retaining walls on the condominium grounds were not amenities, but were part of the common elements that were adequately disclosed in the disclosure statement?

4. Did the trial court err in denying summary judgment where questions of fact existed as to alleged title defects and alleged violations of land use regulations?

---

**1.** The judgment inadvertently states that the defendant did not violate the disclosure provisions of Minn.Stat. § 515A.4–104. It is clear to us that the proper section is 515A.4–102.

5. Did the trial court err in refusing to consider the tot lot issue which the parties had settled prior to the hearing on the summary judgment motion?

## ANALYSIS

On appeal, the function of a court reviewing a summary judgment is to determine whether there are any genuine issues of material fact and whether the trial court erred in its application of the law. *Betlach v. Wayzata Condominium,* 281 N.W.2d 328, 330 (Minn.1979). The reviewing court must view the facts in a light most favorable to the losing party. *Twin City Construction Co. v. ITT Industrial Credit Co.,* 358 N.W.2d 716, 718 (Minn.Ct.App.1984). If any doubt exists as to the existence of a genuine issue as to a material fact, the doubt must be resolved in favor of finding that the fact issue exists. *Rathbun v. W.T. Grant Co.,* 300 Minn. 223, 230, 219 N.W.2d 641, 646 (1974).

1. GLI is the developer of Tara Hills Condominiums and is the declarant here. Declarant means "any person who has offered prior to creation of a condominium to dispose of his interest in a unit to be created and not previously disposed of." Minn.Stat. § 515A.1–103(9)(b). Under Minnesota's Uniform Condominium Act, a declarant must provide a purchaser with a disclosure statement not later than the date of the purchase agreement. *Id.* § 515A.4–106(a). Failure to provide a disclosure statement entitles the purchaser to receive from the declarant up to 5% of the unit sale price. *Id.* § 515A.4–106(c). The information required in the disclosure statement is listed in section 515A.4–102.

GLI argues that it provided the disclosure statement as required by section 515A.4–106(a) and cannot be liable under the separate 5% penalty provision of section 515A.4–106(c). Tara Hills concedes that its unit purchasers received a disclosure statement. It claims, however, that the statement is deficient under the specific requirements of section 515A.4–102 and that the deficiencies are tantamount to a failure to provide the required disclosure statement altogether. Tara Hills challenges the sufficiency of the disclosure statement, insisting that a statement that does not disclose the information required under section 515A.4–102 cannot be a disclosure statement for purposes of section 515A.4–106(a). To achieve the protection envisioned by the disclosure requirements, Tara Hills argues that the requirements must be strictly enforced against GLI and that any defects in disclosure give rise to liability under the separate 5% penalty provision. *See* Graff, *Minnesota Uniform Condominium Act: The View of Developers' Counsel,* 10 Wm. Mitchell L. Rev. 71, 93 (1984).

■ Section 515A.4–106(a) requires only that a declarant provide a disclosure statement not later than the date of the purchase agreement. Although the content of a disclosure statement is not beyond scrutiny, once the statement containing the required information is delivered, a declarant is no longer subject to liability under the special 5% penalty provision.

The legislature corrected a specific and serious problem which existed prior to the Act, i.e., a purchase agreement absent *any* disclosure statement. A severe penalty was imposed for failure to so provide.

However, under other sections of the Act, a buyer has not lost his rights or remedies, and damages are still available for other violations of the statute, including punitive damages for willful violations. Specifically, when violations occur, the Act provides that those persons affected by the violations have a "claim for appropriate relief," including reasonable attorney's fees in appropriate cases. Minn.Stat. § 515A.4–115.

Although Tara Hills is pursuing its remedies for other alleged violations, it also seeks damages under the 5% penalty provision, and the undisputed facts cannot support such additional relief.

■ GLI's disclosure statement parallels the disclosure requirements listed in section 515A.4–102, and the statement was timely provided. Under the language of

the statute, the trial court did not err in holding that GLI did not violate the provisions of section 515A.4–106.

██ 2. Minn.Stat. § 515A.4–102(j) requires the disclosure statement to fully disclose

[t]he terms of any warranties provided by the declarant, including the warranties set forth in sections 515A.4–111 and 515A.112, and limitations imposed by the declarant on the enforcement thereof.

*Id.* Section 515A.4–111 explains how express warranties are created, and section 515A.4–112 lists the implied warranties which a declarant makes to a purchaser. GLI's disclosure statement included the following provision:

The Declarant warrants the buildings as set forth in Minnesota Statutes Annotated Sections 515A.4–111 and 515A.4–112.

Tara Hills argues that a mere reference to the statute is insufficient to satisfy the requirement that GLI fully disclose the terms of any warranties. Tara Hills insists that a disclosure statement which fails to explicitly recite terms of the statutory warranties necessarily fails in its essential purpose of informing purchasers of their rights. GLI argues, however, that a purchaser's rights under express and implied warranties arise by the sections cited and that it is unnecessary and unmanageable to repeat the warranties in the disclosure statement. We agree.

██ There is no factual dispute here; the question is one of statutory construction. The trial court determined that the disclosure requirements are satisfied whether the statement spells out exactly the warranties contained in the statute or merely refers to that statute. Although

referring to the warranties in the statute does not inform buyers of their specific rights, they are, nevertheless, alerted to certain rights guaranteed by law. So long as the warranties are included, if only by reference, in the disclosure statement, the requirement is satisfied. The buyer is no less protected whether the warranties are expressly enumerated in the disclosure statement or simply incorporated by reference to the statute.

3. Tara Hills claims that the retaining walls should have been disclosed under section 515A.4–102(b) as amenities and disclosed as a line item in the projected budget under section 515A.4–102(e)(1).[2] The statute does not define the term "amenity." Tara Hills suggests that whatever other function they may serve, the retaining walls enhance the beauty of the property and fall within the scope of amenities. Alternatively, Tara Hills suggests that retaining walls are "buildings" which should have been disclosed under the same provision.

GLI argues, however, that the retaining walls are common elements, which the statute defines as "all portions of a condominium other than the units." Minn.Stat. § 515A.1–103(4). The statute does not require disclosure of the common elements beyond what is required in the condominium declaration, which requires the declaration to contain "an allocation to each unit of an undivided interest in the common elements." *Id.* § 515A.2–105(6). In paragraph 6 of its condominium declaration, GLI states that the common elements "shall remain undivided" and then describes the common elements as:

2. Minn.Stat. § 515A.4–102(b) states that a disclosure statement should fully disclose:
[a] general description of the condominium; including without limitation the types and number of all buildings, units and amenities. *Id.*
Minn.Stat. § 515A.4–102(e)(1) states that a disclosure statement should fully disclose:
[a]ny current balance sheet and a projected budget for the association for the first full or partial year during which a unit is conveyed

to a unit owner other than a declarant and any projected budget for future years which the association has adopted, and a statement of who prepared the balance sheet, projected budget or budget. The budget or projected budget shall include, without limitation:
a statement of the amount, or a statement that there is no amount, included in the budget as a reserve for repairs and replacement. *Id.*

[A]ll property, except the [residential and garage] Units as described above, and include with limitation the following:

All other parts of the property and all apparatus and installations existing in the building or on the property for common use or necessary or convenient to the existence, maintenance or safety of the property.

■ The trial court determined that the retaining walls were not buildings or amenities, but were best characterized as common elements which the court found were disclosed in paragraph 6 of the condominium declaration. We agree. An amenity enhances the desirability of a property for purposes of residence, or contributes to the pleasure and enjoyment of the occupants, rather than to their immediate needs. Black's Law Dictionary 74 (5th ed. 1979). The retaining walls here are neither buildings nor amenities as those terms are commonly used. GLI complied with the statutory requirements. Although the paragraph in the condominium declaration makes no specific reference to the retaining walls, it is not necessary to list each and every physical component of the common elements. *See Cambridge-On-The-Lake Homeowners Association v. Hynes,* 116 Ill.App.3d 63, 67, 72 Ill.Dec. 105, 108, 452 N.E.2d 37, 40 (1983).

■ Tara Hills also claims that GLI failed to disclose the maintenance and repair costs of the retaining walls in the projected budget, as required under section 515A.4–102(e)(1). GLI prepared a projected budget which includes a category for maintenance. Within this category are two subcategories for repairs and ground expenses, which list combined projected expenses of $5,400. The budget clearly complies with the statutory requirement by stating the amount reserved for repairs. Tara Hills' argument for a specific line item in the budget for the retaining walls is meritless. The trial court did not err in granting summary judgment on this issue concerning the retaining walls.

4. Section 515A.4–102(h) requires disclosure of any defects affecting title of the condominium. GLI's disclosure statement asserts:

There are no liens, defects or encumbrances on or affecting the title to the condominium except easements of record.

Tara Hills argues that this statement is entirely false because the retaining walls encroach on neighboring property. A survey and an affidavit from the surveyor establish this fact. GLI denies any encroachments exist, but, more importantly, GLI points to the affidavit of one of the condominium owners who sold his condominium with no apparent challenge to his title.

■ The issue here is not limited to whether encroachments exist, but whether such encroachments constitute a defect affecting title. Defects affecting title go to marketability:

A marketable title * * * is one that is free from reasonable doubt; one that a prudent person, with full knowledge of all the facts, would be willing to accept. A title that may involve the purchaser in litigation to remove apparent or real defects appearing upon the face of the record is not one which the vendee will be compelled to accept. The question is, not whether a court would on the facts disclosed adjudge the title good, but whether, without the aid of a specific decision, the title is so far free from doubt that a reasonable person, acting in good faith, would accept it. *The question must be considered from the standpoint of the intending purchaser, and not from the viewpoint of the court.*

*Target Stores, Inc. v. Twin Plaza Co.,* 277 Minn. 481, 497, 153 N.W.2d 832, 843 (1967) (emphasis added) (quoting *Hubachek v. Maxbass Security Bank,* 117 Minn. 163, 169, 134 N.W. 640, 642 (1912)). Given the dispute over whether the encroachment affects the marketability of title, an issue of fact exists. Accordingly, the trial court properly denied Tara Hills' motion for summary judgment.

Similarly, the trial court refused to grant summary judgment on the allegations that GLI violated the disclosure requirements for falsely disclosing that the condominiums complied with all zoning and land use regulations. In its condominium declaration, GLI states:

> The Condominium has not been created in violation of any zoning, subdivision, building code, or other real estate use law, ordinance, charter provision or regulation. Any conditions of any such law, ordinance, charter provision or regulation have been complied with in the creation of the Condominium.

Tara Hills insists that this statement is false and that GLI violated St. Paul's Planning Office regulations governing the development of the condominiums.

Development plans must be submitted to the St. Paul Office of Planning and Economic Development for approval. GLI submitted its plan which did not include any retaining walls. The city approved the plan, noting, however, that no retaining walls were included in the plan and that none would be approved. Any changes in the plan required approval from the Planning Office. Nevertheless, GLI built the retaining walls.

Tara Hills argues that the deviation from the approved plan constitutes a violation of land use regulations contrary to GLI's statement in its declaration. The deposition testimony of GLI's director of planning indicates, however, that city personnel were involved with the development and were aware of and accepted the changes in the site plan. The trial court properly denied summary judgment because the issue presented a genuine question of material fact which required the taking of additional evidence to resolve.

5. In its disclosure statement, GLI stated: "There are no amenities other than two tot lots." One tot lot was never built. The trial court did not reach the false disclosure issue here because it believed the parties had settled the issue during the in-chambers conference prior to the hearing on the summary judgment motion.

There is no record of the conference. The record we have includes the letter the trial court sent to Tara Hills' counsel. The letter was incorporated in the court's order and in the judgment and explained that the tot lot issue had been settled by the parties and had been removed from the court's consideration. We also have the amended statement of proceedings which states that the court "found that the tot lot disclosure issue had been resolved by the parties and was therefore moot." Based on the limited record before us, the tot lot issue was settled, and the trial court did not err in refusing to consider the false disclosure allegations related to it.

## DECISION

The trial court did not err in holding that GLI provided the required disclosure statement and complied with the disclosure requirements related to the warranties and retaining walls. The trial court properly reserved for trial the issues raised by the allegations of title defects and of violations of land use regulations. Finally, because the tot lot dispute was settled by the parties, the court need not have addressed the issue on summary judgment.

Affirmed.