CUNNINGHAM COURTS TOWNHOMES HOMEOWNERS ASSOCIATION *et al.*, on behalf of themselves and all similarly situated multiunit condominium complexes located in Cook County, Plaintiffs-Appellees, v. THOMAS C. HYNES, Cook County Assessor, *et al.*, Defendants-Appellants.

First District (5th Division)   No. 86—0209

Opinion filed November 20, 1987.—Rehearing denied December 21, 1987.

Richard M. Daley, State's Attorney, of Chicago (Joan S. Cherry, Susan Condon, and Patricia M. Moser, Assistant State's Attorneys, of counsel), for appellants.

Kevin M. Forde, Ltd., and Dillon & Nash, both of Chicago (Kevin M. Forde, David Dillon, Richard J. Barr, Jr., and Katrina Veerhusen, of counsel), for appellees.

JUSTICE LORENZ delivered the opinion of the court:

This appeal is taken by the defendants from an order entered by the trial court awarding class-plaintiffs' counsel attorney fees which included a multiplier of two. The sole issue raised on appeal is whether the trial court abused its discretion in awarding counsel attorney fees with a multiplier of two.

We affirm.

The following facts are pertinent to our disposition. On September 29, 1981, a complaint was filed on behalf of two homeowners' associations, Cunningham Courts Townhomes Homeowners Association (Cunningham) and Bay Colony Condominium Owners Association (Bay Colony). The complaint challenged the Cook County assessor's practice of assessing and levying taxes upon the common property of these homeowners' associations as well as assessing and levying taxes on the units which make up the association. The county assessed and taxed the value of each unit to its respective owner and separately assessed and taxed the value of the common property to the not-for-profit corporation established under each development's condominium declaration as the holder of legal title to the common property. The complaint alleged that this practice violated, *inter alia*, section 10 of the Condominium Property Act. Ill. Rev. Stat. 1981, ch. 30, par. 310.

The county moved to dismiss the complaint. Plaintiffs subsequently sought to amend their complaint and sought class-based relief. The county opposed the motion. After briefs were filed and argument was heard, the motions to amend the complaint and for class certification were denied. The trial court did, however, allow an interlocutory appeal of the issue to this court. We ultimately denied leave to appeal the issue of class action. In April of 1982 the county answered the complaint.

In August of 1982 plaintiffs moved for summary judgment. The county objected and moved to stay the ruling on plaintiffs' motion un-

til a factually related case, then pending in this court, was decided. The motion to stay was granted. This related case was *Cambridge-on-the-Lake Homeowners Association v. Hynes* (1983), 116 Ill. App. 3d 63, 452 N.E.2d 37. In June of 1983 this court affirmed the trial court's ruling in *Cambridge* that separate taxation of common areas owned by condominium associations violated section 10 of the Condominium Property Act. (Ill. Rev. Stat. 1981, ch. 30, par. 310.) The opinion was slightly modified in August when the petition for rehearing was denied.

In July of 1983, the case of Oak Village Homeowners Association v. Hynes, 83 CH 5391, was filed in the chancery division of circuit court of Cook County. Oak Village was also brought as a purported class action on behalf of all Cook County condominium associations whose common property had been separately taxed. Pursuant to a motion for a temporary restraining order in the Oak Village case, Judge Siegan entered an order directing the county to separate all the payments relating to condominium common property which were received on behalf of a designated list of condominium associations.

In December of 1984 the Illinois Supreme Court denied the county's petition for leave to appeal in the *Cambridge* case. At that time the plaintiffs in this cause renewed their motion for summary judgment. They also asked for a reconsideration of the order denying their motion for class certification. Similarly, plaintiffs in Oak Village filed a motion for class certification.

In February of 1984 Judge Arkiss granted summary judgment in favor of the plaintiffs in Cunningham. Judge Siegan granted the same motion in the Oak Village case. The trial court also granted the Cunningham plaintiffs' motion to reconsider the denial of their earlier motion for leave to amend their complaint in order to allege claims on behalf of a class. At that point summary judgment was also entered on behalf of the class. Judge Arkiss also directed that the previously established escrow fund be expanded to include payments of the disputed taxes made by all members of the class.

In March of 1984 the county moved to vacate the orders of summary judgment and to vacate the orders of class certification and summary judgment. Upon the denial of its motions, the county filed appeals to this court on the issues of whether class certification should have been granted and whether the subject parcels were covered by the Condominium Act.

In March of 1985, after a period of negotiations, the parties entered into settlement agreements. As part of the settlement, all of the parties agreed to withdraw the remaining counts of their complaints

and to limit the county's liability to the tax payments of previously identified permanent index numbers which had been captured in the protest fund established in the Oak Village case. In exchange, the county agreed to withdraw its appeals. The cases were consolidated on May 1, 1985. Settlement notices were sent to all previously identified members of the plaintiff class on September 4, 1985. A hearing on the fairness of the settlements was held on October 24, 1985, and the settlements were then approved.

On September 27, 1985, plaintiffs' counsel filed their petition for award of attorney fees. That petition described the history of the litigation and the terms of the essential settlement, set forth standards of the award of attorney fees, described counsel's experience in other class actions, and detailed the risks which were assumed in undertaking this litigation on a contingent fee basis. The petition was supported by counsel's sworn affidavits which detailed the time they had devoted to the case on a day-by-day basis. After reviewing the briefs on appropriateness of the multiplier, Judge Arkiss entered a final judgment awarding attorney fees to which he applied a multiplier of two, which doubled petitioners' fee for work performed prior to entry of the settlement agreement.

On December 13, 1985, the county moved to set aside, modify or stay the order awarding attorney fees. Judge Arkiss stayed enforcement of the multiplier on December 30, 1985, but denied the motions to set aside or modify the order. This appeal followed.

OPINION

The sole contention raised on appeal is that the trial court erred in determining that plaintiffs' counsel's fees should be calculated using multiplier of two. The county contends that a substantial portion of counsel's work was performed solely on behalf of the named plaintiffs and did not benefit the class, and the trial court, therefore, erred in awarding a multiplier. However, this contention was not raised during the hearing on plaintiffs' counsel's petition for attorney fees and the notice of appeal is limited to that hearing and the reconsideration thereof. The issue raised below, and now on appeal, is whether the award of a multiplier was inappropriate considering the probability of plaintiffs' success at the time suit was filed. See *Fiorito v. Jones* (1978), 72 Ill. 2d 73, 377 N.E.2d 1019.

An appellate court has jurisdiction of only those matters raised in the notice of appeal. (107 Ill. 2d Rules 301, 303(a); see also *Wells v. Kern* (1975), 25 Ill. App. 3d 93, 322 N.E.2d 496.) We will not, therefore, consider the county's argument that named plaintiffs certi-

fied as class representatives are not similarly situated with the class of condominium associations which they represent. To reach this argument, we would have to review the decision which certified this class. The notice of appeal does not request a review of that order. We will confine our review to the arguments as presented before the trial court on plaintiffs' counsel's petition for attorney fees. The essence of the county's argument below was that an award of fees which includes a multiplier would be inappropriate because the outcome of this litigation was "virtually assured" by the decisions in *400 Condominium Association v. Tully* (1979), 79 Ill. App. 3d 686, 398 N.E.2d 951, and *Cambridge-on-the-Lake Homeowners Association v. Hynes* (1983), 116 Ill. App. 3d 63, 452 N.E.2d 37.

In 1979 the *400 Condominium* decision enjoined the Cook County assessor from assessing and levying taxes on a parking garage of certain condominium property designated by the declaration as a "common element." In addition, one day before the filing of this cause, the circuit court held in *Cambridge* that separate taxation of common area and recreational parcels owned, not by the unit owners, but by not-for-profit corporate condominium associations was invalid. However, this court did not affirm that decision until 1983. As a result of these decisions, the county now argues that the outcome in this litigation was "virtually assured" and an award including a multiplier would be inappropriate.

■ The county's argument is not persuasive. The *400 Condominium* decision, by itself, did not "assure" plaintiffs of a favorable decision. Also, the circuit court's decision in *Cambridge* cannot be interpreted as authority for plaintiffs' position. Indeed, this aspect of the county's argument is belied by the fact that it continued to assess and collect taxes from unit owners on common property after these decision. In addition, the county argued below that *400 Condominium* and *Cambridge* were not controlling in the instant case and it attempted to distinguish those cases in numerous pleadings. In conclusion, it is illusory to argue that this court's decision in *Cambridge* "assured" plaintiffs of a favorable decision because that decision was not rendered until two years after the filing of this cause. Consequently, we find that plaintiffs, at the time of filing of their suit, were not "virtually assured" of a favorable outcome.

■ Absent a showing of abuse of discretion by the trial court we will not vacate an award of attorney fees. (*DeBruyn v. Elrod* (1983), 121 Ill. App. 3d 290, 459 N.E.2d 971.) Here, the issues before the trial court were vigorously argued. The hours claimed by plaintiffs' counsel were clearly set out and were reasonable. In reaching its deci-

sion, the trial court had the benefit of the testimony of an expert on attorney fees, Burton Weinstein, who testified that a multiplier of two was very reasonable. We, therefore, do not find that the trial court abused its discretion in the award of a multiplier of two.

■ The final contention of the county is that the trial court erred in awarding plaintiffs' counsel a weighted multiplier because plaintiffs did not create the protest fund. The Illinois Supreme Court has held that such a multiplier is appropriate if found to be reasonable based on the benefits the plaintiffs' attorney conferred upon the class. (*Fiorito v. Jones* (1978), 72 Ill. 2d 73, 377 N.E.2d 1019.) Thus, the county asserts, to the extent that the fund may have persuaded the trial court to award the multiplier, the record clearly demonstrates that plaintiffs played no role in the creation of the protest fund for the plaintiff class. The county also alleges the fund was created through the efforts of counsel in a related case.

■ We find no merit to this contention. The county's reading of *Fiorito* is much too narrow. Creating a protest fund is not a prerequisite to collecting attorney fees. It is merely an element in determining the efforts of plaintiffs' counsel. (See *Fiorito v. Jones* (1978), 72 Ill. 2d 73, 377 N.E.2d 1019.) Furthermore, it is apparent from the voluminous record that the trial judge was aware of all of the cases pending which involved the same issues of improper assessment of common property. We, therefore, find that the protest fund was created as a result of mutual efforts on the part of all parties.

For the foregoing reasons the judgment of the circuit court of Cook County is affirmed.

Affirmed.

PINCHAM and MURRAY, JJ., concur.