CUNNINGHAM COURTS TOWNHOMES HOMEOWNERS ASSOCIATION *et al.*, on behalf of themselves and all similarly situated multiunit condominium complexes located in Cook County, *et al.*, Plaintiffs-Appellees, v. THOMAS C. HYNES, Cook County Assessor, *et al.*, Defendants-Appellees (Oak Improvement Association *et al.*, Intervenors-Appellants).

First District (5th Division)   No. 86—0811

Opinion filed November 20, 1987.—Rehearing denied December 21, 1987.

Rose & Ross, Ltd., of Rolling Meadows (Donald M. Rose and Kathleen Ross, of counsel), for appellants.

Richard M. Daley, State's Attorney, of Chicago (Joan S. Cherry, Susan Condon, and Patricia M. Moser, Assistant State's Attorneys, of counsel), for appellees Thomas C. Hynes, Stanley T. Kusper, Jr., and Edward J. Rosewell.

Kevin M. Forde, Ltd., Dillon & Nash, and Richard J. Barr, Jr., all of Chicago (Kevin M. Forde, David Dillon, and Katrina Veerhusen, of counsel), for appellees Cunningham Courts Townhomes Homeowners Association and Bay Colony Condominium Owners Association.

JUSTICE LORENZ delivered the opinion of the court:

Intervenors, the Oak Improvement Association and Sheffield Manor Townhome Association (collectively Oak Improvements), filed a petition for leave to intervene in the class action. (Cunningham Courts Townhomes Association and Bay Colony Condominium Owners Association v. Thomas C. Hynes, Stanley T. Kusper, Jr., and Edward J. Rosewell, 81 L 23353.) The basis for the petition was that one of the

plaintiffs, Cunningham, was an association of townhomes, like intervenors, Oak Improvement, and was certified as the representative of the class. The petition for leave to intervene was denied.

We affirm.

The following facts are pertinent to our disposition. On September 29, 1981, a complaint was filed on behalf of two homeowners' associations, Cunningham Courts Townhomes Homeowners Association (Cunningham) and Bay Colony Condominium Owners Association (Bay Colony). The complaint challenged the Cook County assessor's practice of assessing and levying taxes upon the common property of these homeowners' associations as well as assessing and levying taxes on the units which make up the association. The county assessed and taxed the value of each unit to its respective owner and separately assessed and taxed the value of the common property to the not-for-profit corporation established under each development's condominium declaration as the holder of legal title to the common property. The complaint alleged that this practice violated, *inter alia*, section 10 of the Condominium Property Act. Ill. Rev. Stat. 1981, ch. 30, par. 310.

The county moved to dismiss the complaint. Plaintiffs subsequently sought to amend their complaint to seek class-based relief. The county opposed this motion. After briefs were filed and argument was heard the motion was denied. The trial court did, however, allow an interlocutory appeal of the issue to this court. We ultimately denied leave to appeal the issue of class action. In April of 1982 the county answered the complaint.

In August of 1982 plaintiffs moved for summary judgment. The county objected and moved to stay the ruling on plaintiffs' motion until a factually related case, pending in this court, was decided. The motion to stay was granted. This related case was *Cambridge-on-the-Lake Homeowners Association v. Hynes* (1983), 116 Ill. App. 3d 63, 452 N.E.2d 37. In June of 1983 this court affirmed the trial court's ruling in *Cambridge* that separate taxation of common areas owned by condominium associations violated section 10 of The Condominium Property Act. (Ill. Rev. Stat. 1981, ch. 30, par. 310.) The opinion was slightly modified in August when the petition for rehearing was denied.

In July of 1983, the case of Oak Village Homeowners Association v. Hynes, 83 CH 5391, was filed in the chancery division of the circuit court of Cook County. Oak Village was also brought as a purported class action on behalf of all Cook County condominium associations whose common property had been separately taxed. Pursuant to a motion for a temporary restraining order in the Oak Village case,

Judge Siegan entered an order directing the county to separate all the payments relating to condominium common property which were received on behalf of a designated list of condominium associations.

In August the Oak Village case was certified as a class action. The court defined the class as

> "all homeowners associations similarly situated located in Cook County whose membership consists of condominium unit owners and others who received separate real estate tax bills \*\*\* on common element property, in addition to real estate tax bills \*\*\* received by the individual condominium unit owners in such association."

In December of 1984 the Illinois Supreme Court denied the county's petition for leave to appeal in the *Cambridge* case. At that time, plaintiffs here renewed their motion for motion for summary judgment. They also asked for a reconsideration of the order denying their motion for class certification. Similarly, plaintiffs in Oak Village filed a motion for class certification.

In February of 1984 Judge Arkiss granted summary judgment in favor of the plaintiffs in Cunningham. Judge Siegen granted the same motion in the Oak Village case. The trial court also granted the Cunningham plaintiffs' motion to reconsider the denial of their earlier motion for leave to amend their complaint in order to allege claims on behalf of a class. The trial court then entered a summary judgment order on behalf of the class defined as

> "all multi-unit condominium associations in Cook County, Illinois and which are the equitable owners of real estate defined as common property of the Illinois Condominium Property Act and which receive separate real estate tax bills on such common property or common area parcels."

Judge Arkiss also directed that the previously established escrow fund be expanded to include payments of the disputed taxes made by all members of the class.

In March of 1984 the county moved to vacate the orders of summary judgment and to vacate the orders of class certification and summary judgment. Upon the denial of its motions, the county filed appeals to this court on the issues of whether class certification should have been granted and whether the subject parcels were covered by the Condominium Property Act.

In March of 1985, after a period of negotiations, the parties entered into a settlement agreement. As part of the settlement, all of the parties agreed to withdraw the remaining counts of their complaints and to limit the county's liability to the tax payments of previ-

ously identified permanent index numbers which had been captured into the protest fund established in the Oak Village case. In exchange, the county agreed to withdraw its appeals. The cases were consolidated on May 1, 1985. The settlement also specified that to be an eligible class member, the following requirements had to be met:

"The class member must be a homeowner association whose membership may include residential, condominium unit owner, occupants and tenants and residential, non-condominium unit owners occupants and tenants; and the eligible homeowners association must be legal or equitable owner of a common area parcel used exclusively by the homeowners association members."

Settlement notices were sent to all previously identified members of the plaintiff class on September 4, 1985. A hearing on the fairness of the settlements was held on October 24, 1985, and the settlements were then approved.

In December of 1985, the intervenors-appellants filed their petition for leave to intervene in the consolidated Cunningham and Oak Village cases. Responses were filed to the motion. After a hearing, Judge Siegan denied the motion, finding that the townhome associations were not included in or affected by the settlement agreement. Pursuant to Supreme Court Rule 304, the order was made final and appealable. This appeal followed.

OPINION

The sole contention of intervenors, Oak Improvements, is that the trial court erred in denying their requested intervention. Oak Improvements concedes it is a townhome association, while the class was intended to be limited to homeowners' associations which included condominiums. However, Oak Improvements argues that they should have been allowed to intervene because one of the named representatives of the class, Cunningham, is itself a townhome association. We do not agree.

Inherent in our decision is the recognition of the jurisdictional boundaries placed on our scope of review. (See *Wells v. Kern* (1975), 25 Ill. App. 3d 93, 322 N.E.2d 496.) We have not been asked to review the propriety of the summary judgment entered in favor of Cunningham, nor have we been asked to review the certification of the class itself. We note, however, that the record clearly indicates that both the plaintiffs and the defendants agreed that they did not intend the settlement agreement to apply to townhomes, that there would be no basis under the law for their inclusion, and that any individual

claims that a townhome association may have regarding its assessments are in no way compromised or prejudiced by the settlement agreement.

■■ ■ In any event, we are strictly confined to the issue of whether Oak Improvements was wrongfully denied the right to intervene. Intervention is a matter within the sound discretion of the trial court and its judgment will not be reversed unless a clear abuse of discretion is shown. (*Maiter v. Board of Education* (1980), 82 Ill. 2d 373, 415 N.E.2d 1034.) There is no dispute in the record that the membership of Oak Improvements does not include condominiums. Therefore, they are clearly not part of the defined class, which included only associations that were comprised of in whole or in part of condominiums. Thus, the trial court was justified in its denial of the petition to intervene because the intervenors do not fall within the definition of the class.

For the foregoing reasons the judgment of the circuit court of Cook County is affirmed.

Affirmed.

PINCHAM and MURRAY, JJ., concur.